ROANE, Judge.
This is an action of covenant founded on an agreement under a penalty, conditioned to abide by an award, and upon an award made in pursuance thereof. The declaration states a profert. of the agreement; but does not state a profert of the award; which is equally necessary, with the deed, to make out the cause of action.
Oyer was prayed and granted, both of the agreement and the award; which being set out, the defendant demurred to the declaration; because the declaration and award, and the matter therein contained, are not sufficient in law to maintain the plaintiff’s action, and assigned the causes of demurrer according to the directions of the statute. Upon a joinder to the demurrer, the judgment of the County Court was in favor of the plaintiff, and on an appeal taken to the District Court, that judgment was' affirmed.
It is admitted, that if there is a profert made of the deed, and upon oyer the deed is set out, it is competent to the adverse party to shew a variance between the deed produced, and that stated in the declaration. But, it is contended, that this rule does not extend to cases where no profert is made, although, in fact oyer has been granted. I think, however, that this rale is not so restricted. I consider that this competency of exception for a variance equally exists in cases where no profert is made; but where in fact oyer has been granted. This doctrine seems admitted in the case of Jeffery v. White, Dougl. 476, which was trespass for taking cattle. Plea, that thev were taken damage feasant. Replication, stating a light of common; Rejoinder, stating part of a private act of parliament, for enclosing the common, and an allotment fey ihe commissioners of the locus in quo to the deferida) and traversing the right of common. Oyer was pray 'd of this act, and granted; the whole case set out and iban a demurrer to the rejoinder, and the cause assign *506 ed, was, that it was not shewn by the rejoinder, that the allotment was made according to the directions of the act set forth. On a joinder to this demurrer, the Court gave judgment for the plaintiff, although it was argued for the defendant, that a party is not entitled to oyer of acts of Parliament; and that it could not be granted, because it was n°t in the power of the Court: And for a similar reason, the party who relies on them cannot make at proferí, because he has them not to produce. That, therefore, the Court ought to consider the oyer and recital of the act as a mere nullity, and that upon what appeared in the defendant’s rejoinder the allotment was regular. In this case then, the act of Parliament being set out upon oyer, (although oyer might not have been properly demandable,) was held to destroy the defence set up in the rejoinder; which, but for the act thus set out, would have been sustainable. It is true, a silent judgment only appears to have been given in the case by the Court; but it is founded upon, and I think, fully supported by the case of Smith v. Yeomans, 1 Saund. 316, which it is unnecessary to state.
These cases also shew, (as well as those cited,) that a demurrer is a proper mode to take advantage of a variance, between the case stated in the declaration, and the deed which may be set out upon oyer.
The first variance which occurs in the present case, is this; the declaration states, that in the disputo between Macon and Crump, executor of Clopton, them;1! of 231. with interest, from September, 1783, and the cost: of suit, were awarded to the plaintiff; and the award exhibited upon oyer is of the said sum, and costs to Crump and Parkeson, executors of Clopton. The answer to this objection is, that the declaration need not be according to the letter of the award, but according to the operation of the law thereupon. * Thus, in Roberts v. Harnage, 6 Mod. 228. The declaration was on a bond for payment to him, his attorney or assigns; and the bond set out upon oyer, was, to his attorney or assigns, omitting the word him; and an exception for this variance was taken by demurrer and over-ruled upon the principle before-mentioned; a payment to a man’s attorney being a payment to himself. So, in the present case, an award to pay to Crump and Parkeson as executors, is in legal operation, an award to pay to the executors of Clopton; for, certainly a payment to *507 both executors, is a payment to each executor; and, therefore, the declaration is sufficient.
I will next consider the award in this particular, with reference to the submission and independently of the declaration. The submission is in this respect of a matter be!ween Macon, and Crump, as executor of Clopion; the award is to pay to Crump and ParJeeson, executors of Clopion. In general, an award to pay to a stranger to a submission is void; but, this is understood to hold only when such payment can be of no benefit to the other party ; for, an award to pay the creditor of a party in discharge of a debt due by him to that creditor is good. So, is an award to pay to a party’s solicitor, if it appear to be for his benefit. This doctrine which appears to me to he sound, and which I therefore adopt, is to be found in Kyd on Awd. 104. It applies forcibly to the above-mentioned objection; and is founded upon the same principles which I have just resorted to, to justify the declaration with reference to the award.
It is also laid down in Kyd on Awd. 160, that if the parties, comprehended in the award, wore in the contemplation of the submission, though not directly parties to it, yet the award' is good; and,” there can in this instance exist no doubt, but that all the executors of Clopion were in contemplation, when an account was to be adjusted in which the interest of his estate was involved.
An objection is made to the award as being uncertain as to the suit, the costs whereof are awarded to the plaintiff. This objection does not apply to that part of the award which respects Macon’s private debt, as the suit is partly specified; and, that part which respects Clopion’s debt, I think on a liberal interpretation may be taken to mean a suit then depending respecting that matter; and, if it be said, that there is an utter uncertainty as to the Court in which it may be depending, I answer, that this objection was over-ruled in the case of Fox v. Smith, 2 Wils. 267. The costs of suit too, have been ascertained and established by law. I think an award of such costs should be considered in the same light, as if it had expressly ascertained and specified the amount thereof in the body of it. As to their amount, then, there is no uncertainty, and consequently, no need of an averment to render it certain, as in the case put in the argument of an award of so much money as had been expended in a suit
*508 . It is also stated as an objection to the judgment in this case, that it is in the plaintiff’s own’right, for a sum compounded of two sums, whereof one is due to him in the character of executor. The answer is, that the action is on a covenant made to the plaintiff in his own right; on breach of which an action accrued to him; and his character of executor, is no otherwise involved in the action than that he submitted a matter in which he was concerned as executor. The defendant might have saved his covenant, by paying a sum of money to him (amongst other things) in that character.
These are the most material objections which have been made in the present case; none of which áre, I think, sustainable to arrest the judgment of the District Court, affirming that of the County Court.
FLEMING, Judge.
As to the error assigned, that the award was not mutual, I shall only observe that awards are more liberally expounded now than formerly; and, there cannot be a doubt, but the present award and. the judgment rendered on it, will be a bar to any future claim in respect of any thing embraced in the award; for, the parties were present, and their respective claims were all considered. After which,-neither would be allowed to insist upon any of the matters which had been awarded on. To prevent which, is the only object of the mutuality spoken of in the old books.
As to the exception, that awards ought not to extend to any person not a party to them according to the doctrine in 5 Co. 77, I shall remark, that there is a difference "between an award of an act to be done by a stranger, and one to be done to a stranger. Kyd on Áwd. 16Ó. For, in the first case, there is no compulsion on the stranger, but in the latter the party to the award derives a benefit -by an act to be performed; and, therefore, there is the same reason for supporting the award as if it was to be performed to the party himself. * This reasoning applies to the present case expressly; for, here Parkeson might have given a discharge, as it was for the benefit of the estate.
With respect to the objection about the costs, there appears to be no ground for it; as that part of the award necessarily referred to the costs of that particular suit; which *509 were ascertained by law and only required a calculation by the Clerk.
I do not think, that the variance insisted on was material; but, that the declaration has substantially pursued the reference and award. Eor, the action is founded on a covenant, made to the plaintiff in his own right, and upon the breach he became entitled to an action; ail which is suggested in the declaration with perfect precision; and, that is all which is requisite. Therefore, I see no reason for disturbing the judgment; but, think it ought to be affirmed,
CARRINGTON, Judge.
Concurred that the judgment ought to be affirmed.
LYONS, Judge.
The Judges have already stated the general doctrines on. the subject now before the Court; and, I concur with them in opinion concerning most of them. But, perhaps there may be a difference where a profert is made by the plaintiff, and then oyer is taken by the defendant so as to incorporate the deed into the declaration; and, where oyer only is taken without any profert made by the plaintiff. For, in the first case a demurrer would clearly be sustained; but, possibly the latter may admit of some doubt. The usual method, and probably the safest is, to plead the variance; for, then the very fact is put in issue; the. plaintiff must see to the correspondence between his evidence and his pleadings; and, proceeds to trial at his peril, if there should be any difference between them. So, that if this method be pursued, the case is clear of difficulty; whereas the othei-, as before observed, may admit of some doubt. But, it is not necessary to go into the consideration of that point now; because, I think the others are against the appellant.
It is a rule, that awards may be good in part and bad in part; and, therefore, whatever is good in the award now before the Court ought to be supported.*
As far as it respects Crump in his own right, it is clearly within the terms of the submission; and, therefore, no dispute .arises about its sufficiency so far. But, I think it as clear, that what respects the executors is likewise within the submission; and, therefore is equally as good. For, payment to the plaintiff would have been a bar to any *510 future demand by Parkeson: Because, a release by one executor is good; and, therefore, his receipt against the awai’d would have been a discharge of the old demand: Which, as the representative of his testator, he might submit to arbitration. It was then a matter of controversy between him and the debtor; and, therefore, properly enough adjusted under the submission.
There is no weight in the objection, that the award contains matter to be performed to a person who was a stranger to the submission.
For, Parkeson had an interest, and was no stranger. Because, this part of the award related to their right as executors; and, had no other effect than to ascertain the amount, leaving the mode of discharge and the power of releasing as they were before. So, that each of the executors might still have received the money and granted a discharge; and, the money when received, would have been for the joint benefit of both. Of course, Parkeson had such an interest as made it proper to extend the order for payment to him, and, therefore, he cannot be considered as a stranger.
That part of the award which relates to costs, is subject to as little exception: For, it is certain to a common intent; as it must relate to the costs of the suit then pending; and certainty to a common intent is sufficient. [Hawkins v. Colclough,] 1 Burr. 274. Besides, it is a rule, that that is certain which can be rendered so: Which applies to the present case. For, when the arbitrators use the word costs-, they mean the legal costs; which only require to be enumerated by the officer of the Court; for, the items themselves are certain and to be collected from the record. *
I have no difficulty, therefore, in pronouncing that the award is good.
Then, as to the point concerning the variance; upon which it is sufficient to observe, that in covenant the plaintiff need not set forth more of the writing declared on, than is necessary to shew his own title;† which is sufficiently done in the present case: And, from what has been already said it is clear, that there is no' substantial difference between the covenant set forth and that produced. For, I have shewn that Crump had a right to receive the money; and, consequently, he must be entitled to sue in his own *511 name for recovery of it; as the covenant was personally with himself. So that, in fact, the allegata and 'probata may be fairly said to agree together. ’
The same doctrine applies to the case of awards. Consequently, it was not necessary for the plaintiff in the present case to have stated more of that either than was essential.to shew his title to recover. This he has done; and the award agrees with the recital. So that there is no cause for objection upon that ground.
Thus, then, it appears, that every objection with regard to the variance is removed, as well as those with regard to the sufficiency of the award; and, consequently, that the case stands clear of exception. I agree, therefore, with the rest of the Court, that the judgment should be affirmed. Judgment affirmed.

[* Waugh v. Bussell, 1 Marshall, 217, and 1 Chitty’s R. 66, 67.]

[* Snook v. Hellyer, 2 Chitty’s R, 43.]

[* Taylor's admr, v, Nicolson, 1 H. & M. 67.]

[*Linfield v. Ferne, 3 Lev. 18; Furnis v. Hallam, Barnes, 166; Fox v. Smith, 2 Wils. 267.]

[† Buster's ex’r. v. Wallace, 4 H. & M. 82.]