Marshall, Ch. J.,
delivered the opinion of r*2g5 the court to the following effect:—
The plaintiff declares upon a bond, dated the 3d of October ; and upon *142 oyer, the bond appears to bear date the 3d of January preceding. By the oyer, •the bond is made a part of the declaration. There were several pleadings, and among the rest, a bad declaration, a bad rejoinder, and a special •demurrer by the plaintiff to this bad rejoinder. When the whole pleadings are thus spread upon the record by a demurrer, it is the duty of the court to examine the whole, and go to the first error. When the special demurrer •is by the plaintiff, his own pleadings are to be scrutinized, and the court will notice what would have been bad upon a general demurrer.[1] The variance between the date of the bond declared upon, and that produced on ■oyer, is fatal.
Upon the second point, the court is of opinion, that there is no error in the construction given by the court below to the condition of the bond. There are many cases on the construction of bonds, where the letter of the condition has been departed from, to carry into effect the intention of the parties. But for the first error, the judgment must be reversed, and judgment entered for the plaintiff in error on the demurrer.
Judgment reversed, with costs.

 On a demurrer, judgment will be rendered against him who commits the first fault in the pleadings; yet the fault in the prior pleadings must be one that is fatal on general demurrer, and not cured by a verdict. Jackson v. Rundlett, 1 W. & M. 381; Aurora City v. West, 7 Wall. 94; Railroad Co. v. Harris, 12 Id. 66. And see United States v. Gurney, 4 Cr. 341; United States v. Arthur, 5 Id. 257; United States v. Linn, 1 How. 104; Townsend v. Jemison, 7 Id. 706.