7 U.S. 229
 3 Cranch 229
 2 L.Ed. 420
 COOKE
v.
GRAHAM'S ADMINISTRATOR.*
 February Term, 1805
 
 ERROR to the circuit court of the district of Columbia, sitting at Alexandria.
 The declaration was in debt on a bond dated the 3d of October, 1799, in the penalty of 5,000 dollars. On oyer, the bond appeared to be dated the 3d of January, 1799, and the condition was as follows: 'Whereas, the said Stephen Cooke did lend to Josiah Watson, of the town of Alexandria, twenty-five hundred dollars of the said William Graham's money; and the said Josiah Watson having failed, but before he failed paid five hundred dollars; and whereas, the said Stephen Cooke hath instituted a suit against the said Josiah Watson, for the recovery of the said money—Now the condition of the above obligation is such, that if the said Stephen Cooke shall well and truly pay the whole sum so lent, if it can be recovered from the said Josiah Watson, or his indorsor; or in case it cannot be wholly recovered, will lose the one half of that sum which cannot be recovered, then the above obligation shall be void, otherwise to remain in full force and virtue.'
 After oyer granted, the defendant had leave to imparle, but not pleading at the rule day, judgment was rendered at the rules for want of a plea.
 At the next term, the defendant set aside the office-judgment, by demurring generally to the declaration, which demurrer was joined by the plaintiff.
 Afterwards, on motion, the defendant had leave to withdraw his demurrer, and pleaded general performance of the condition of the bond. To which the plaintiff replied, and assigned a breach in this, that the defendant has not paid the sum of money mentioned in the condition, or any part thereof. The defendant rejoined, that the sum of money in the condition mentioned, lent by him to Watson, could not be recovered from the latter, or his indorsor.
 To this rejoinder the plaintiff demurred specially; 1st. Because the defendant doth not state, in his rejoinder, that he used all legal means for the recovery of the said 2,500 dollars of Watson, and his indorsor.
 2d. Because the defendant does not state that he has not recovered any part of the said 2,500 dollars of the said Watson, or his indorsor, or how much of the 2,500 dollars remains unrecovered of the said Watson, or his indorsor.
 3d. Because the defendant is bound to pay one half of the sum that is not recovered of the said Watson, or his indorsor; and if the defendant has not received any part of the 2,500 dollars of the said Watson, or his indorsor, then he is bound, by the condition of the said bond, to pay one half of the sum of 2,500 dollars to the plaintiff.
 4th. Because the defendant does not give any answer as to the sum of 500 dollars, stated in the condition of the said bond to have been received by him of the said Watson, before the execution of the said bond.
 5th. Because the rejoinder is a departure from the plea of conditions performed.
 Upon this demurrer, the judgment of the court being in favour of the plaintiff, the defendant, upon motion, had leave to file an additional plea, whereupon he pleaded, that the whole sum lent to Watson could not be recovered of him or his indorsor, nor could any part thereof be recovered, except the sum of 500 dollars, mentioned in the condition of the bond; by means whereof the defendant became liable and bound to pay to the plaintiff only one half of the said sum which could not be so recovered, and that the defendant paid to the plaintiff's intestate the said one half of the said sum of money which he was liable and bound to pay as aforesaid. To which plea there was a general replication and issue, and verdict for the plaintiff for 2,032 dollars and 75 cents.
 On the trial of this issue a bill of exceptions was taken by the defendant below to the opinion of the court, that the plaintiff was entitled, by the said bond, to recover of the defendant the sum of 500 dollars at all events; and that he was also thereby entitled to recover of the defendant the residue of the said 2,500 dollars, if the jury should be of opinion that the defendant could have recovered the same of the said Watson, or his indorsor. And if they should be of opinion that no part of the said residue could have been so recovered, then the plaintiff is thereby entitled to recover of the defendant one half of the said residue, in addition to the said sum of 500 dollars.
 Other exceptions were taken at the trial, but were abandoned by the plaintiff in error in this court.
 Simms, for plaintiff in error, contended,
 1st. That the judgment of the court below, upon the demurrer, ought to have been for the defendant, inasmuch as there was a material variance between the bond produced on oyer, and that stated in the declaration; the former bearing date on the 3d day of January, 1799, and the latter being alleged to bear date on the 3d day of October, in the same year.
 2d. That the court erred in their construction of the condition of the bond, in supposing that the sum of 500 dollars, mentioned to have been received from Watson, was covered by the penalty, and in instructing the jury that the plaintiff was entitled to recover that sum at all events; and, in addition thereto, a moiety of the balance, if the whole balance could not be recovered by the defendant of Watson, or his indorsor.
 1st. On a demurrer, the court must go to the first error in the pleadings. In this case, although the rejoinder is bad, yet the declaration is bad also. If the plaintiff declares on a bond of different date from that produced on oyer, advantage may be taken of the variance on demurrer. The plaintiff need not wait till it is produced in evidence. The variance may also be pleaded in abatement. 2 Salk. 658, Holman v. Borough. In the case of Hole v. Finch, 2 Wils. 394, the court said, 'that formerly, when the whole original writ was spread in the same roll with the court thereupon, if a variance appeared between the writ and count, the defendant might have taken advantage thereof, either by motion in arrest of judgment, writ of error, plea in abatement, or demurrer. But afterwards it was determined, that if the defendant will take advantage of a variance between the writ and count, he must demand oyer of the writ, and show it to the court. By the act of jeofails of Virginia, Revised Code, p. 118, § 26, no judgment after verdict shall be staid for the omission of the day, month or year, in the declaration or pleading, (the name, sum, quantity or time, being right in any part of the record or proceeding.) This shows, that before that act, such omission might have been taken advantage of by motion in arrest of judgment.
 WASHINGTON, J. Will the principle of going up to the first error, apply to a special demurrer by the adverse party?
 
 
 1
 Simms. Certainly.
 
 
 2
 MARSHALL, Ch. J. Can the variance be taken advantage of on a general demurrer?
 
 
 3
 Simms. Yes. It is matter of substance.
 
 
 4
 2d. As to the construction of the bond.
 
 
 5
 By the opinion of the court, the plaintiff was entitled, by the bond, to recover the 500 dollars at all events.
 
 
 6
 The 500 dollars are only mentioned in the premable of the condition, which, like that of a statute, has no obligatory effect. It is no part of the condition of the bond, that the defendants should pay that sum. It might have been paid over before, or the intestate may have been satisfied with relying on the defendant's simple acknowledgment that he had received it. The condition is in the alternative, and only one of two things is to be done. 1st. Either to pay over the whole 2,500 dollars, if he could recover it from Watson, or his indorsor—or, 2d. If he could not recover the whole sum, to pay over one half of such sum as he could not recover. There is no obligation, under the bond, to pay over what he had already received. Perhaps the plaintiff may bring an action for money had and received for the 500 dollars. But it is not material how he is to recover it. It is sufficient, in the present case, that its payment is no part of the condition of this bond.
 
 
 7
 The sum which could not be recovered is capable of being ascertained; and it is now ascertained to be 2,000 dollars. One half of that is the sum which the defendant agreed to lose. It is, therefore, the same as if the condition of the bond had been to pay the sum of 1,000 dollars.
 
 
 8
 But if no part of the money lent could be recovered of Watson, or his indorsor, then the defendant could not be bound to pay more than the one half of the whole sum, which is only 1,250 dollars. In no case is he bound by the bond to pay more than that sum; and yet the jury have given the plaintiff 1,500 dollars, with interest thereon, from the date of the bond.
 
 
 9
 E. J. Lee, contra, admitted the general rule, that upon a demurrer, the court is to look for the first error, and give judgment accordingly; but that, in this case, the state of the pleadings makes a difference. The declaration was filed in due time, and a profert made. A judgment was obtained against the defendant, in the office, for want of a plea. This judgment was set aside by the defendant's appearance and entering a general demurrer, which was afterwards withdrawn, and a general performance of the condition of the bond pleaded. By this plea, after oyer, he had admitted, that the bond declared on is the same as that produced on oyer. And having thus admitted it to be the same bond, the omission of its true date, in one part of the declaration, can only be matter of form. He has not pleaded it in abatement, nor demurred specially. On the plaintiff's special demurrer the defendant cannot take advantage of a formal variance; he can only avail himself of it by demurring specially himself. Every thing is form, without which, a right of action appears to the court. Every thing which the court may amend, without altering matter of substance, is aided by a general demurrer. Sav. 88. So, every thing which may be amended under the statute, or which would be cured by a verdict, is cured by a general demurrer.
 
 
 10
 2d. As to the second point, there can be no doubt. The condition of the bond is, that the defendant shall pay the whole sum so lent, viz. 2,500 dollars, if it could be recovered by the defendant from Watson. But at the time the bond was executed, the defendant could recover only 2,000 dollars of Watson, in any event, because Watson had already paid 500 dollars. In this case, the 500 dollars is covered by the penalty.
 
 
 11
 But it is said, that these 500 dollars were not to be paid over unless the defendant recovered the whole sum from Watson; or in other words, that the 500 dollars were a premium to the defendant for losing 2,000 dollars of the plaintiff's money. But the whole was to be paid over when recovered; the whole includes all its parts; hence every part was to be paid over when recovered.
 
 
 12
 Simms, in reply.
 
 
 13
 1st. When a man demurs, he puts every thing to hazard in his own pleadings; and his adversary may take the same advantage as if he himself had demurred.
 
 
 14
 MARSHALL, Ch. J. As if he had demurred generally.
 
 
 15
 Simms. There is a difference between what a court would amend, and what can be amended under the statute.
 
 
 16
 2d. As to the condition of the bond.
 
 
 17
 No man can be compelled, by his bond, to pay more than he expressly agreed to pay. The defendant has only bound himself to pay the whole, in case the whole could be recovered. It does not appear that the 500 dollars were not paid or settled in some other way.
 
 March 6.
 
 18
 MARSHALL, Ch. J. delivered the opinion of the court, to the following effect:
 
 
 19
 The plaintiff declares upon a bond, dated the 3d of October; and upon oyer, the bond appears to bear date the 3d of January preceding.
 
 
 20
 By the oyer, the bond is made a part of the declaration. There were several pleadings, and among the rest, a bad declaration, a bad rejoinder, and a special demurrer by the plaintiff to this bad rejoinder. When the whole pleadings are thus spread upon the record by a demurrer, it is the duty of the court to examine the whole, and go to the first error. When the special demurrer is by the plaintiff, his own pleadings are to be scrutinized, and the court will notice what would have been had upon a general demurrer. The variance between the date of the bond declared upon, and that produced on oyer, is fatal.
 
 
 21
 Upon the second point the court is of opinion, that there is no error in the construction given by the court below to the condition of the bond. There are many cases on the construction of bonds, where the letter of the condition has been departed from, to carry into effect the intention of the parties.
 
 
 22
 But for the first error, the judgment must be reversed, and judgment entered for the plaintiff in error, on the demurrer.
 
 
 23
 Judgment reversed, with costs.
 
 
 
 *
 Present, Marshall, Ch. J. Cushing, Paterson and Washington, Justices.