On an appeal from a decree of the Superior Court of Chancery for the Richmond District, by which the bill brought by the appellant to set aside an award, was dismissed.
The bill states that the appellant’s intestate and the appellee were engaged in partnership in the “Manchester Mills,’’ which they had leased for a term, unexpired at the death of the former; that by the articles of copartnership, on the death of either partner, the survivor had the power of taking upon himself the-remainder of the lease, at a valuation to be made by persons, mutually chosen by him and the representatives of the deceased ; that the parties accordingly made choice of three gentlemen, to determine the value of the unexpired lease in cash; that those gentlemen awarded the sum of 5951. 8s. lOd. to be paid by the ap-pellee to the appellant for his interest in the mills, provided the appellee obtained from George Mayo, the lessor, a release in full of all claims which he might have on the appellant as administrator of his intestate; but if the appellee, when called on by the appellant, did not obtain such release, the award was to be void. A certificate from the arbitrators explanatory of the grounds on which they had.made up their award, (shewing, that the sum at which the property was valued, arose from cálculations of interest, at 10 per cent, per annum,) ivas obtained from them a few days after the award was delivered; and is filed among the papers in the cause. It also shews that nine months were estimated as the time of payment, though the award itself is silent on that subject.
The appellee, in his answer, states that the appellant agreed to allow him nine months credit, on whatever sum might be awarded by the arbitrators; that George Mayo had executed the releases required by the terms of the award; which he had always been ready and willing to perform.
The Chancellor dismissed so much of the bill as prayed that the award might be set aside; and decreed the sum awarded, with interest; after deducting the amount of the costs expended in defending the suit.
*Ben'nett Taylor, for the appellant. The award ought to be set aside, 1. Because the arbitrators departed from the terms of the submission; 2. Because the calculation made by them was usurious: 3. Because it wanted mutuality.
1. The articles of submission state, that the valuation was to be in cash: but the certificate of the arbitrators, and the account annexed, prove that they allowed a credit of nine months, and a discount of ten per cent for prompt payment.
An award may be set aside for errors on its face, (a) and it surely is the same thing, if the arbitrators certify the principles upon which they proceeded, and it appears that they were wrong, either in law or fact, (b) — Much mischief might result from too freely admitting such explanations, but they ought not to be excluded altogether. For example, suppose the arbitrators should mistake the names of the parties,- and insert A instead of B: it would be absurd not to permit them to explain their intention. A middle rule should be followed, of neither too great laxity nor strictness. As in the case of verdicts, which are attempted to be disturbed on the evidence of the Jurors,, caution ought to be observed in setting aside awards. But where the evidence is unquestionable, as in this case, where all the arbitrators have joined in the certificate, and furnished both parties with copies, no danger could arise from receiving such certificate, and considering it a part of the award. The word “cash” in the submission, necessarily excluded credit. We do not contend that the award is to be void, because that word was omitted; but because in fact, credit was allowed. Could Nic-olson, with the certificate of the arbitrators in his pocket, have been compelled to pay the money? It may be said, that ten per cent was a compensation tor the credit. But the arbitrators had no right to judge of this, and Nicolson might have set it aside, on the ground of usury. The answer admits that nine months credit was allowed, but says that the plaintiff agreed to it, of which there is no proof: neither could it have been shewn by parol testimony, since the written admission was otherwise.
2. The calculation was usurious, circuitous, and necessarily injurious to the plaintiff. See the President’s opinion in the case before cited, 1 Wash. 158. — The allowance of ten per cent against the plaintiff was for the balance of the lease, being seven years; whereas the addition of ten per cent in his favour was only for nine months; and even that was to be .deducted on payment of cash.
*3. The award was not mutual, for it was obligatory on one party .at all events', but was binding on the other only at his own election, and conditionally, there being a proviso annexed, not warranted by the submission. It depended on a release being obtained from Mayo, a stranger to the award, which circumstance is sufficient to overthrow it. (c) . An award too must be final, (d) Now this award was not final, but might or might not be rendered so by Mayo’s executing the release; and there is, in fact, no proof that this has been done.
The Chancellor says, the proviso was a nullity, and that an impertinent part of an award does not vitiate a good independent part. But here one part depended on the other, and the arbitrators conceived the release important. Was not the release really important? It must have influenced the estimate. But what right had the arbitrators, when nothing but the rent was in question, to require a release from Mayo of all demands?
JUDGE LYONS.
Was not'that for your benefit? 1 Call, 575, Macon v. Crump, proves that such an objection cannot lie.
*43 Bennett Taylor. We did not want such a favour at their hands. 1 Bao. 220, (a) moreover proves, that an award with a proviso is void.
Copland, for the appellee. As to the objection that the arbitrators inserted in their award a matter not mentioned in the submission, this cannot vitiate so much of the award as is good;(b) but the additional matter ought to be rejected as surplusage. With respect to introducing affidavits of witnesses, or certificates of arbitrators, not annexed to, or given at the same time with the award, for the purpose of explaining it, 1 Wash. 158, shews, that any improper conduct in the arbitrators may be proved by affidavits, but not errors in law or in fact. A Court cannot coerce arbitrators to give evidence of Tie principles upon which they acted; and, therefore, ought not to permit them to furnish certificates to alter or express differently their award from what it purports on its face. If they could do this, Juries might certify in every case against their own verdicts. But, what is the cause of complaint? Was there any thing unconscionable done by them, even according to their certificate? By the original agreement, Hicolson was not to pay immediately. Seven years of the lease were yet to run ; and a discount of ten per cent was surely very moderate for cash, instead of so long a credit; to make ^amends for which, as far as was right, ten per cent for the nine months delay of payment, was allowed to Taylor.
This question, however, is foreign to the present subject, for, notwithstanding the certificate given, no credit was allowed in the award itself, which was absolute and final, and might have been enforced immediately.
The award was not that a thing was to be done by a stranger to the submission, but that Nicolson was to obtain a release from Mayo. It was, therefore, not void on that account ; but so much of it, being impertinent, was properly rejected by the Chancellor.
Wednesday, October 29, the President delivered the opinion of the Court, (consisting of Judges Byons, Roane, and Tucker,) that no calculations or grounds for an award, which are not incorporated in it, or annexed to it at the time of delivery, are to be regarded or received as reasons or grounds to avoid it; that, therefore, there is no error in the decree, which must be affirmed.
He farther observed, as his own opinion, that there is not the same strictness now in awards as formerly. The Courts in England have relaxed; and they are benignly construed, to give them full effect, when there is no fraud in obtaining them. He cited 2 Wilson, 268. (c)

 2 Vern. 705, Cornefortb v. Geer; 3 Atk. 462, [492,] Ridout v. Pain. S. P. Ibid. 609, [644,] Anonymous.

 1 Wash. 157-158. Pleasants, Shore & Co. v. Ross.

 1 Bac. Abr. by Gwil. 213, tit. Arbitrament, let. (E.) div. 1.

 Ibid. 225, 226, div. 5.

 Gwillim’s Edit.

 3 Vin. 88, pl. 27, cites 3 Mod. 309, Hill v. Thorn.

 Fox v. Smith.