*505 ; The Court delivered the following opinion : — The Erst error assigned, is the variance between the writ and declaration, the former being for 141/. debt, arid the latter for 140/. This would certainly have been a fatal objection, if the defendant below had made it in thp proper time and manner ; but he has slipped his opportunity. He oiight to have pleaded it in abátement. Not having done so, he cannot ndw assign it for error — 4 Gwil. Bac. 44, 45. No delatory plea, or pleá ⅛ abatement, can be received upon setting aside an office judgment : and it would be strarige, if the law, which considers the objection as then too late, should not much inore consider it top late, after the office judgment is confirmed, and the suit brought into the court.†
The secottd error assigned, relates to the Form of the appearance bail borid, arid alleges it is wholly defective rind illegal, becaüse it does not state “ the nature of the action, nor the amount of the debt br damages demanded in the action, br that the defendant had been arrested by a writ sued out by the plaintiff, as assignee of Burton.”
The principies contained in the case of Ralston, &c. vs. Love and Bass, apply strongly to this case, and go to shew there is no force in the second assignment of er- *506 ;⅜0'1⅞. It is enough,,.if a batí bond is cérfcaia'to a corri-mon 5ntent-
^ not take advantage of It by ge-nerai demurrer.
taken of a wri-tingdedared on, informs no part though certified in the tran-icript.
The bond contains no material misrecital; and from recital in the condition, compared with the writ, it appears to have been taken in a suit between the same parties, in the same cqurt, and is conditioned for the appearance of the defendant, upon the appearance day of writ. We have iio doubt that according to the old method of proceeding, the bond would have been sufficient ⅛ enable the sheriff, or his assignee, to maintain an action on the bond, for the failure of the party in appearing to the action, agreeably to the condition of the bond, averment of any matters dehors the bond and the writ, would have been necessary to maintain his suit, And no reason is discerned why the same degree of correspondence should not he sufficient to authorise a judgment thereon, under the act of assembly.
The omission to recite the amount of the debt or damages, ought not to be regarded. The objection, to say the most of it, does not go to shew that the bond is not certain to a common intent, or that it is not sufficiently certain ; but only to shew that perhaps it might, by such recital, have been made more technically certain.
As to the defendant, the bond was taken for his easement, and he ought not to make the objection; nor ought the hail to make it, for it was his folly to execute the bond, without knowing the amount for which he became bound. If he had deemed it important to him, he might have refused to execáte the bond, until the amount of the debt was inserted.
There is no misrecital in the condition of the bond ; it is strictly correct, as far as it goes. The omission to. style the plaintiff assignee of Burton, is immaterial, although he is so styled in the writ (a). The writ itself, wouj¿[ Jjave been good without it (b); and it would have been sufficient, for the plaintiff to set out the assignment ⅛ his declaration, in making out his title to the debt. It is not the case of a false recital or description ; but an omission of an additional description, which was not material, either in the writ or in the bail bond. The bond, as already observed, names the plaintiff and defendant in the writ, and the court, and is conditioned for the appearance of the defendant on the appearance day named in the writ; it must, therefore, be deemed sufficient.
Hag-gin and Talbot, for the plaintiffs; Bridges, for the defendant.
The third assignment of error, alleges that there is a material and fatal variance between the declaration and note (or writing obligatory) declared on. It is unnecessary to say whether the variance exists, or not; it is too late now to make the objection. If a variance existed, the defendant might have craved oyer, and demurred specially for the variance ; but hf^ould not have taken advantage of it by general demurrer.* Or if the variance were an essential or material part of the writing, he might, without craving over, have pleaded non estfactum to the étjnd set out in the declaration ; and upon the trial might have his objection to the bond produced going in evidence to the jury ; because it did not correspond with the declaration, and therefore not the bond to which he had pleaded non est factum.
But the variance cannot be assigned for error. The bond was only evidence of the debt; and oyer not having been prayed, it is not a part of the declaration, or record.
It appears, it is true, in the transcript; but the judgment would have been good here without it.†
The other errors assigned, relate to the executions only.-Judgment affirmed.

 This decifion overrules the cafpa of Fowler vs. Cooper, and Scott vs. Leitch, Pr. Dec 71, 113, and is fupported by the cafe of Kennedy vs. Terrill & Dooley, ante 490, and rhe cafe of Fenwick vs. M'Ginnis this term, and many later dtcifionsn

(a) See Pemberton, &c. vs. Searce, ante 3.

(b) Reading vs. Hickman, Pr. Dec. 253.

 If there were any variance in this cafe, it was in form only. In the cafe of Milroy vs. Henfley, fpting term i8lo, it waS decided that a variance in tub-fiance, was fatal on a general demurrer, See alfo Cooke vs. Graham's adm'r. 3 Cranch 229.

 See the Jail preceding cafe, and thofe there cited.