TILTON (UNITED STATES v.). See Case No. 16.525.

TILTON, The MARIETTA. See Case No. 9,-084.

## Case No. 14,055a.

### TINDALL v. MURPHY.

[Hempst. 21.] [1]

Superior Court, Territory of Arkansas. Dec., 1823.

Before JOHNSON, SCOTT, and SELDEN, JJ.

## Case No. 14,056.

### TINGEY v. CARROLL et al.

[3 Cranch, C. C. 693.] [2]

Circuit Court. District of Columbia. Dec., 1829.

#### PLEADING AT LAW—PROOF—VARIANCE—SEAL —FIRM NAME—JOINT SEAL.

1. In an action of debt against Daniel Carroll and William Brent, survivors of Charles Carroll and Eli Williams, upon articles of agreement, and averring the articles to be "sealed with the seals of the said Williams and Carrolls, and the said William Brent;" if on profert and oyer the articles appear to be signed and sealed thus: "Williams & Carrolls, (seal,)" "Wm. Brent, (seal,)" "Thomas Tingey, (seal,)" the variance is fatal on general demurrer.

2. One joint contractor cannot bind the others by seal.

3. There cannot be a joint seal for divers persons not incorporated.

[Cited in Jackson v. Simonton, Case No. 7,-147.]

The case was argued by Mr. Swann, for the plaintiff, and by Mr. Tabbs, for the defendants, who cited Horner v. Moor, cited in 5 Burrows, 2614; Skinner v. Dayton, 19 Johns. 513; Gordon v. Austin, 4 Term R. 611; Cabell v. Vaughan, 1 Saund. 291; Longmore v. Rogers, Willes, 288; Tidd, Prac. 527; 1 Chit. 643.

Mr. Swann contended, that if every member of a firm be present, and one seals for all, it is the deed of all; but he cited no authority to that point.

Before CRANCH, Chief Judge, and MORSELL and THRUSTON, Circuit Judges.

CRANCH, Chief Judge. This is an action of debt for $5,000, the penalty of articles of agreement between Thomas Tingey, in behalf of the United States, on one part, and the defendants and others, on the other part. The declaration states that Daniel Carroll, of Duddington, and Wm. Brent, surviving obligors of Eli Williams and Charles Carroll. now deceased, and the said Daniel Carroll and William Brent, were summoned to answer to Thomas Tingey, for account of the navy department of the United States, of a plea that they render to him 5,000 dollars, which to him, as agent aforesaid, they owe, and from him unjustly detain, &c. Whereupon the said T. T.. by T. S. his attorney, complains, that whereas on the 29th of June, 1812, at the county of Washington aforesaid, certain articles of agreement were made and entered into between the said T. T., commandant of the navy-yard, Washington. for and on behalf of the navy department of the United States on the one part, and the said Eli Williams, Charles Carroll, and Daniel Carroll, then acting under the name and firm of Williams & Carrolls, and the said Wm. Brent, of the other part, which said articles witnessed, That the said Williams & Carrolls and the said William Brent had thereby firmly and duly contracted with the said T. T., &c. For the true and faithful performance of which the said Williams & Carrolls and the said William Brent did thereby bind themselves jointly and severally to the said T. T., for account of the said navy department. in the full and penal sum of 5,000 dollars, &c., which said articles of agreement, sealed with the seals of the said Williams & Carrolls and the said William Brent, the said plaintiff brings here into court, &c. After oyer the defend-

---

[1] [Reported by Samuel H. Hempstead. Esq.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

ants demurred to the declaration. The articles of agreement were "made and entered into between Thomas Tingey, commandant of the navy-yard, Washington, for and on behalf of the navy department of the United States, on the one part, and Messrs. Williams & Carrolls and William Brent, all of the county of Washington, in the District of Columbia, on the other part." "For the true and full performance of which, the said Messrs. Williams & Carrolls and William Brent" "jointly and severally bound themselves," &c. "Signed, sealed, and delivered, the day and year first above written. Williams & Carrolls. (seal,) Wm. Brent, (seal,) Thos. Tingey, (seal.) Witnesses present: B. H. Tomlinson. Mord. Booth."

In support of the demurrer it is said, that the instrument produced upon oyer is not such an one as is set forth in the declaration, because it is not sealed with the seals of the said Eli Williams, Charles Carroll, and Daniel Carroll of Duddington, and that such variance is fatal on general demurrer. On the part of the plaintiff, it is suggested that demurrer is not the proper remedy for the defendants, but that the plea should have been non est factum; because upon that plea the plaintiff might perhaps prove that Eli Williams, Charles Carroll, and Daniel Carroll, were all present at the sealing, and that each acknowledged the one seal as his, and delivered the instrument as his act and deed; in which case it is supposed that the allegation would be supported that the instrument was "sealed with the seals of the said Williams & Carrolls;" and that the court cannot now, upon the face of the instrument, say that it is not so sealed, and therefore cannot say that there is a variance between it and the instrument averred in the declaration. The books are full of authorities, that if the instrument produced upon oyer be not such as is set forth in the declaration, the variance is fatal on demurrer. Thus in the case of Cooke v. Graham, 3 Cranch [7 U. S.] 229, the plaintiff demurred specially to the plea of the defendant. The supreme court adjudged the plea to be good. But as, upon demurrer, whether general or special, by either party, the court must look into the whole record, and give judgment against him who, in pleading, has committed the first substantial fault, they discovered that the declaration was on a bond dated on the 3d of January, but the bond produced on oyer was dated on the 3d of October, and adjudged the error to be fatal, and reversed the judgment. In that case it might have been said, as it is said here, that if non est factum had been pleaded, the plaintiff might have shown that the bond, although dated on the 3d of January, might have been delivered on the 3d of October, which might then have been called the date of the obligation, and would have supported the issue on the part of the plaintiff, upon the plea of non est factum.

But the court said that the objection was fatal upon demurrer, and they decided against the plaintiff on his own special demurrer.

The question then arises, is there a substantial variance between the instrument alleged in the declaration, and that produced upon oyer. The declaration avers that the defendants Daniel Carroll and William Brent, are the survivors of the four contractors, Eli Williams, Charles Carroll, Daniel Carroll, and William Brent; and that the agreement was made between Thomas Tingey, of the one part, and the three first-named contractors, "acting under the name and firm of Williams & Carrolls, and the said William Brent, of the other part;" and it makes a profert of "articles of agreement, sealed with the seals of the said Williams & Carrolls, and the said Brent." In the instrument produced, the Christian names of the three first-named contractors are not mentioned, nor does it therein appear who Messrs. Williams & Carrolls were; nor is it stated therein that they constituted a mercantile house or firm, or acted as a firm or copartners. It is signed, "Williams & Carrolls, (seal.) William Brent, (seal.)" The witnesses did not certify that it was signed, sealed, or delivered. They merely say that they were present. The averment, in the declaration, that the agreement was "sealed with the seals of the said Williams & Carrolls," must mean, either that it was sealed with the seals of the said Eli Williams, Charles Carroll, and Daniel Carroll, or that it was sealed with the seal of the firm of the said Williams & Carrolls, or with a joint seal of Eli Williams, Charles Carroll, and Daniel Carroll. If it be an averment that it was sealed with the seals of Eli Williams, Charles Carroll, and Daniel Carroll, it is evident that the averment is not true; for there is but one seal where, upon that supposition, there ought to be three; nor does the instrument purport, on its face, to be severally sealed by those three gentlemen. It purports to be the joint signature and seal of whoever may be known under the appellation of "Messrs. Williams & Carrolls." If it be an averment that it was sealed with the seal of the firm of Williams & Carrolls, or with the joint seal of Eli Williams, Charles Carroll, and Daniel Carroll, then it was not the deed of the three; because there cannot, at common law, be a seal of a firm, or a joint seal for any number of persons not incorporated; and, therefore, if such be the averment, the declaration, upon its face, would have been bad without oyer. If the other be the meaning of the averment, then it is not true upon oyer, and the declaration is bad, for the variance.

The question now is, not whether the defendants did or did not enter into a contract, but whether the instrument produced be such an one as is described in the declaration; that is, sealed with the seals of the said Eli Williams, Charles Carroll, and Daniel Car-

roll; for no lawyer will venture to say, that there is any such thing known to the law as a seal of a firm, or a joint seal of several persons not incorporated; and a declaration setting forth an instrument under such a seal, would be bad on its face. That one partner of a mercantile house, or firm, cannot bind the other partners by deed, is a rule of law long since established; and in the case of Harrison v. Jackson, 7 Term R. 207, Lord Kenyon, C. J., says—"I should be sorry to have it supposed that this case was reserved from the least particle of doubt that I had on the subject. The parties came to nisi prius with the facts admitted on both sides· for if the case had been opened there, I should certainly have given a decisive opinion against the plaintiff. The law of merchants is part of the law of the land; and in mercantile transactions, in drawing and accepting bills of exchange, it never was doubted that one partner might bind the rest. But the power of binding each other by deed is now, for the first time, insisted on, except in the nisi prius case cited, the facts of which are not sufficiently disclosed to enable me to judge of its propriety." That case, of Harrison v. Jackson, was covenant upon an instrument, averred in the declaration to have been sealed with the seal of W. Sykes, for himself and the other two defendants, who were not present at its execution; and the subject of it was a partnership transaction. There it was not necessary nor proper to demur for variance upon oyer; because the instrument produced corresponded ·with that stated in the declaration. The plea was non est factum; and judgment was rendered for the defendants. The counsel, in that case, cited Perk. Pl. § 134, who says—"One piece ·of wax may serve for all the grantors, if every one put·his seal on the same piece· of wax, or another do so for them." But that other must have authority, and must put the· seals there. He also cited the case of Mears v. Serocold, which is the nisi prius case alluded to by Lord Kenyon in Harrison v. Jackson. He cited also the case of Ball v. Dunsterville, 4 Term R. 313. But that was a deed sealed by one of the defendants, for and in behalf of himself and the other, and so executed and delivered by the authority and in the presence of that other. In giving judgment for the plaintiff, the court relied principally upon that circumstance, and said that "no particular mode of delivery ·was necessary; for that it was sufficient if the party, executing the deed, treated it as his own."

In the case of Clement v. Brush (1802) 3 Johns. Cas. 180, the supreme court of New York decided that one partner cannot bind his copartner by seal; and that a single bill, concluding, "As witness our hands and seals, Brush & Howell (Seal)" and written, signed, and sealed by Brush, was the proper debt of Brush alone. So in the case of Green v. Beals, 2 Caines, 254, Judge Livingston, in delivering the opinion of the court, said—"It is settled in England (7 Durn. & E. [7 Term R.] 207), notwithstanding an opinion of Lord Mansfield, at nisi prius, to the contrary, that one partner, in· consequence of the general authority derived from the articles of copartnership, cannot execute deeds for the other. Were it otherwise, they would be enabled to dispose of the real property of each other, and to create liens on it without end. This would render such connections more dangerous than they already are, if not discourage them altogether. There can be no doubt, therefore, that on the plea of non est factum a verdict must have been found for the defendants." So, also, in the case of Skinner v. Dayton, 19 Johns. 513, 531, Judge Platt said—"If the associates are considered as partners, one of them could not bind his copartners by a seal, without special authority; and admitting that, as a partner, the appellant might, in this instance, have made a contract, without . seal, which would ·have bound all the associates, yet, as he used a seal, the simple contract, as partners, was merged in the covenant; and thereby it became, in judgment of law, his own individual contract, unless he could prove that his associates specially authorized him to seal for them." Again, in page 533, he says—"By executing that contract, Skinner neither created any obligation, nor gave any right of action against any person but himself." Judge Yates, in the same case, page 546, says—"It is undoubtedly settled law, that one person cannot seal for another without express authority; and that, by assuming to act without it, a personal obligation is created. That authority may, however, in some cases be by parol; as in the case of Ball v. Dunsterville, 4 Term R. 313."

In the present case, there is no averment in the declaration that the seal, opposite the names of Williams and Carrolls, was put there by either of the partners, for himself and his copartners, by their authority. If there had been such an averment, there would have been, perhaps, no variance. U. S. v. Spaulding [Case No. 16,365]. But when the declaration avers the instrument to be under the seals of Eli Williams, Charles Carroll, and Daniel Carroll, and no such seals are found upon it, nor their names mentioned in it, it is impossible, in my opinion, to say that there is no variance Being, therefore, of opinion, that if the averment in the declaration is to be understood as an averment that the articles of agreement were under the seal of the firm of Williams & Carrolls, or under the joint seal of Eli Williams, Charles Carroll, and Daniel Carroll, the declaration is bad on its face, because there cannot be, in law, any such seal. And that if it is taken to be an averment that the articles were under the seals of Eli Williams, Charles Carroll, and Daniel Carroll, there is, upon oyer, a fatal variance between the instrument declared upon and that which is produced. I think, therefore, that the judgment upon the ·de-

murrer ought to be rendered for the defendants.

MORSELL, Circuit Judge, concurred in the result of this opinion, but not exactly for the same reasons.

THRUSTON, Circuit Judge, dissented.

The plaintiff had leave to amend, but the attorney of the United States dismissed the suit.