Carr, J.
The plaintiff’s demurrer to the defendant’s third plea, opened his own pleadings to objection, and made it the duty of the court to look back to the declaration. That counts on a bond dated the 14th August *318 1811. The bond produced was dated 6th August 1810. This is a fatal variance; Cooke v. Graham’s adm’r, 3 Cranch 229. Upon this ground, I think the judgment must be reversed, and judgment entered for the appellant.
Tucker., P.
I think there are several fatal errors in this record.
1. The bond declared on, is recited as bearing date in 1811; that produced, and made part of the declaration upon oyer, is dated in 1810. That the variance is matter of substance, and fatal, appears by the case of Cooke v. Graham’s adm’r. It appears by that case, too, that the error is not cured by pleading over: for the defendant there, pleaded conditions performed, as the defendant did here; the plaintiff replied, and assigned a breach, and the defendant rejoined a bad rejoinder, to which the plaintiff demurred; the court went back to the first fault, and entered judgment on the demurrer for the defendant. The case of Armstrong v. Armstrongs, 1 Leigh 491. is not in conflict with this opinion: in that case, the question was upon the trial of the issue before the jury; here, it is upon demurrer; and upon demurrer, where the defendant has taken oyer, he may take advantage of the variance; Macon v. Crump, 1 Call 575.
2. The declaration is further defective in averring, not that the deputy sheriff had received the amount of the execution, but that he had acknowledged he had done so. This was a bad averment. The receipt of the money was the gist of the action. It ought to have been directly averred, that the defendant might, if he chose, put it in issue. The acknowledgment of the receipt of it, did not offer proper matter upon which an issue could be made up. An issue made up on it would have been immaterial. For though it be true, that the deputy made the acknowledgment, it may be false that *319 he received the money. And thus, though the issue was found for the plaintiff’, the fact would not be established, on which his right of recovery depends; namely, the actual receipt of the money.
3. The plea itself to which the plaintiff has demurred, though evidently filed to entrap, cannot be pronounced to be bad in substance. It amounts, in effect, to a denial of the right of Mr. Giles to sue as the successor of governor Tyler ; and if the fact were true, as stated in the plea, it is obvious that Mr. Giles could have no right to sue. It was contended, that the same plea having been before pleaded, could not be pleaded a second time. This might have been a very good reason for the rejection of the plea by the court, but it does not make the plea bad upon demurrer. For the question on the demurrer is, whether the plea is a good plea, not whether the defendant should be permitted to file it. They are not equivalent questions; and, indeed, the first can never be presented to the court, until the second, has been decided, and decided, too, in favour of the party who offers the plea.
Upon the merits, I incline to think the plaintiff is right; but for the foregoing errors, the judgment must be reversed, and a judgment entered for the defendant. In a future action, the plaintiff’ may be more fortunate.
Brockenbrough, Cabell and Brooke, J. concurred in the opinion of the president. Judgment reversed, and. judgment entered for the defendant.