## LONG v. OVERTON & PICKETT.

The first section of the sixth article of the act concerning "Practice at Law,"
leaves the power of amendment somewhat to the discretion of the cir-
cuit court, and this discretionary power will not be controlled by the
supreme court, unless some good will result therefrom.   Therefore,
where the circuit court refused to permit the plaintiff, on the trial, to
amend his declaration in a material respect, the supreme court refused
to interfere.

Error to the Circuit Court of Marion County.

WRIGHT for Plaintiff.

AUG. TERM,
1842.

*Opinion of the Court, delivered by Napton, Judge.*

Long v. Overton & Pickett.

· This was an action of covenant brought by the plaintiff in error against the defendants in error, on a bond conditioned for the conveyance of land. The bond is set out in the declaration by its tenor, on the trial, the covenant offered in evidence, varies from the one described in the declaration by the omission of the words "of October," the declaration reciting that the second instalment was to be payable "the first day, 1837," whereas the covenant offered in evidence read "the first day of October, 1837." The plaintiff moved for leave to amend his declaration, by inserting the words necessary to make the covenant recited in the declaration correspond with the covenant sued on. The court would not allow the amendment, whereupon the plaintiff suffered a non-suit, and afterwards moved to set the same aside, which motion was overruled, and the plaintiff brings his case here by writ of error.

The 1st sec. of the 6th article of the act concerning "Practice at Law," leaves the power of amendment somewhat to the discretion of the circuit court; and this discretionary power will not be controled by the supreme court, unless some good will result therefrom Therefore, when the circuit court refused to permit the plaintiff on the trial to amend his declaration in a material respect, the supreme court refused to interfere.

The omission of the words "of October," was a variance; Cook v. Grahame, 3 Cranch, 229; Shuby v. Mandeville, 7 Cranch, 208.

Our statute concerning practice at law, authorizes the circuit court to amend pleadings at any time before final judgment, on such terms as shall be just; R. C. of 35, p. 467. This power of amendment is obviously left somewhat to the discretion of the court, and it is not perceived how any good can result from the reversal of this discretion by this court.

The reasons which influence the court are not always apparent on the record, and the party may attain his object without the interposition of an appellate court.

Judgment affirmed.