MESSER v. SMYTHE.

When a defective summons is pleaded in abatement, unless it is brought into court with the plea, the plea will, on motion, be rejected.

ASSUMPSIT. The defendant pleaded in abatement, enrolling the summons. The plaintiff moved to reject the plea, because the defendant did not bring the summons into court with the plea, and put the same on file. Motion granted, and the defendant excepted.

*Harriman* and *S. C. Eastman*, for the defendant.

*Small*, for the plaintiff.

SMITH, J.   A defendant, who pleads a defective summons in abatement of the writ, must crave oyer of the writ, declaration, and officer's return, set them out at large, and make profert of and enroll the summons. *Lary* v. *Evans*, 35 N. H. 174.   This is required, because it is presumed it will appear to the court, on inspection, whether the summons is, in law, sufficient.   *Stone* v. *Sprague*, 24 N. H. 310. And when the enrollment is substantially defective, the plaintiff may reënroll the summons and demur.   *Smith* v. *Insurance Co.*, 22 N. H. 27.

The operation of profert and oyer, where allowed, is to make the deed or other writing a part of the pleadings of the party producing it. *Cooke* v. *Graham*, 3 Cranch 229, 235 ; *Hughes* v. *Moore*, 7 Cranch 176.   The party who makes profert enables the adverse party to demand oyer, that he may avail himself upon the face of the record of anything in the instrument which may aid him in meeting the allegations of the adverse party, and if it is not given to him he may sign judgment against him.   Gould's Pl., *c.* 8, *part* 2, *ss.* 35, 54.

When a writing is declared upon with a profert, it is by intendment of law in the actual possession of the court—Vin. Abr., tit. Faits (M. A. 12), pl. 3 ; and it is the court and not the party which grants the oyer.   The deed is produced, that the court may decide whether it be in legal sense a deed.   *Powers* v. *Ware*, 2 Pick. 458 ; 1 Ch. Pl. 349. In ancient practice, the instrument was actually produced.   In modern times, the allegation only is made in the plea, and the deed is then constructively in possession of the court.   Bouv. Law Dic., tit. Profert ; *Anon.*, 3 Salk. 119.   It is supposed to be in court and to remain there until the question raised by the pleadings is determined.   Bac. Abr., Pleas I, 12 (2).

The summons, unlike the writ, makes no part of the records, and does not belong upon the files of the court.   But where pleaded with a profert, it enables the plaintiff to demand oyer of it, that the court may see whether it is sufficient.   The defendant, having brought it into court, or having so alleged, is bound to produce it, under penalty of having judgment rendered against him.   Dilatory pleas not being favored, the highest degree of accuracy is required of the defendant who relies upon such a defence instead of the merits of his case. When he pleads a defective summons in abatement, he should bring it into court with the plea, that the plaintiff may reënroll it if he craves oyer thereof.   We do not feel called upon to disturb the ancient

practice in this respect, in favor of this class of pleas, although the practice may have become obsolete in other pleadings.

*Respondeat ouster.*

STANLEY, J., did not sit.