The opinion of the Court was delivered by ■
Duncan J.
The defendants in error, plaintiffs below, declared on a promissory note for 150 dollars payable six months after date, drawn by one John Grant, and made payable to Benjamin Stephens, who indorsed it to the plaintiffs below, and dated on the 26th July, 1814. The date was evidently altered, but whether the alteration was from the 21st or the 25th, was not fully in proof. The direction of the Court was a very special one'.
It is contended by the defendants in error, that the alteration of the date from the 25th to the 26th, is altogether immaterial, as it became due on Sunday ; atad by the custom of merchants in this city, such note would be considered as payable on the Saturday preceding. So that whether payable on the Saturday or Sunday, the days of grace would be the same, and no injury done. The effect of an alteration of all written instruments is the same. All that are altered or erased in a material part without the parties’ consent are vitiated. Master v. Miller, 4 T. R. 320, and 1 Anstruther, 225, in the Exchequer Chamber. The contrary opinion of Judge Buller, as to the difference between deeds and other writings, was opposed by all the other Judges of Westminster Hall. Negotiable paper, which passes from hand to hand, was considered by eleven Judges to require greater nicety and circumspection than bonds, which are generally confined to the custody of one person. It cannot be said, that the date forms no part of the bill; nor that it forms an immaterial part. If it were not a material part, the note might not be destroyed, according to Trapp v. Spearman, 1 Esp. 57. It does not depend on the accelerating or extending the day of payment, or increasing or decreasing the sum, but upon the idefatity ; to insure the indentity, and prevent *508 the substitution of one instrument for another, (Sanderson v. Symond, 1 Brod. & Bing. 134,) is the foundation of the rule, and it is a wise rule, as it prevents all tampering with written instruments. For though the alteration in an obligation from pounds into, dollars, from sterling pounds into current pounds, although such alteration could not do any possible injury to the obligor, still it avoids the bond. So if the sum were lessened. The day on which this note became due, in point of law, was six months after date. The custom of demanding it on Saturday, when it becomes due on Sunday, has relation to the days of grace, and not to the legal day of payment. The days of grace are gratuitous only, in contemplation of law, though the course of usance at particular places will be taken notice of by the Court. But this would not affect the Statute of Limitations. When would the time begin to run ? Certainly from the day on which, by its terms, it became due. Like the time of grace allowed by Courts for special bail to surrender their principal. At law the party is bound, and could not take advantage of a surrender after the return of a capias ad satisfaciendum, by pleading. It is by motion to the Court. The cases which have been relied on by the defendants are, where the addition was, most probably, not written under the acceptance, but a memorandum afterwards where to find the acceptor, where the bill became due, and no part of the acceptance. If this were not so, according to the opinion of the Court, in Tidmarsh v. Grover, 1 Maule & Selw. 735, they were wrongly decided. The date of the instrument ought to be clearly expressed. If it has no date, then the time will be computed from the day on which it issued. Chitty on Bills, 43. The day of the date is excluded, in the computation of a bill payable after date. Chitty, 138. The best and the safest is the general rule, that where a bill is altered in any material respect, as for instance the date or sum, without consent of the drawer, it will discharge him, although the bill afterwards come into the hands of an innocent indorsee not aware of the change. Chitty, 62. But what removes every doubt is, that it is laid in the declaration as given on the 26th, and in every written instrument the day laid is material, and must be proved as laid, where the action is brought on the instrument itself; not where laid under a videlicet, and the action is not founded on the writing. 2 Peake, *509 196. Now here the'allegation is, that the note was given on the 26th. Proof that it was given on the 21st or 25th, would have been a material variance, and such the defendants in error admitted their case to be. It is not the identical note the party has given. The note here is the only medium by which the plaintiffs could recover. It is through that they derive a right of action. The question is, whether or not the defendant below promised in the form stated in the declaration, and the substance of his plea is, that according to that form he is not bound to pay.
I regret much the necessity of reversing this judgment, because we see that from the opinion of the jury, the question was altogether immaterial, as they found that the alteration was made with the privity of the defendant. Had this been, or could the Court have put it into the shape of, a special verdict, which I have struggled to do, all would be right; but I fear the danger of innovation in favourable cases, and of receiving an opinion of a jury attached to a general verdict as a foundation for converting it into a special verdict. There was, therefore, error in that part of the opinion of the Court directing the jury to find for the plaintiffs, if they found the alteration to be from the 25th to 26th, if in their opinion it was immaterial. It was a question of law, and in my opinion, was such an alteration as, if done without the consent of the drawer, avoided the note ; but at all events, as the note was set out as dated on the 26th, proof of its being on the 21st or 25th, did not support the declaration.
Judgment reversed, and a venire facias de novo awarded.