The opinion .of the court was delivered by
Tilghman, C. J.
1. Two errors have been assigned. The first is, “ that by the plaintiff’s own showing, his cause of action was not founded on a verbal promise, booh account, note, bond, penal, *75 or single bill,” and therefore it was not a case in which a statement is authorized by law. The cause of action, set forth in the plaintiff’s statement, is, that he paid a sum of money as bail of the defendant, from whence arose an implied assumption of the defendant. In such a case, there certainly is an implied assumption, which falls within the meaning of a verbal promise, mentioned in the act of assembly. There is no reason why a statement of the cause of action, should not be admitted in case of an implied promise, as well as an express one. The defendant has notice of the plaintiff’s claim, which enables him to prepare for his defence, and that was what the act of assembly had in view. Indeed, to confine it to an express promise, would be very hard on plaintiffs, because it is often impossible to prove an express promise, though very easy to prove those facts from which the law implies a promise. I have no doubt, that this is the fair construction of the act of assembly, and think it has been so decided in a ease not reported.
2. The second error is, “that the act of the 21st of March, 1806, section 5, (4 Sm. L. 328,) does not authorize the filing of a statement, on an appeal from the judgment of a justice.”
The practice has been so general, to file statements in such cases, that the court could not reverse a judgment for the cause assigned, without great reluctance. But I think the practice may be supported, without violation of the act of assembly. It is true, that the legislature having principally in mind, suits in the Courts of Common Pleas, and not before justices, does in the first place, authorize the filing of statements, only in cases where the amount of the sums demanded, is greater than is cognizable by a justice of the peace. But there is no reason to suppose, that it was intended to exclude a statement, in a cause which should be brought into the Court of Common Pleas, on an appeal from a justice. When the action is entered on the docket of the Common Pleas, the pleadings are de novo, and why should not a statement be as good, as if the suit had been commenced thus? Indeed, by a subsequent act of assembly, the 20th of March, 1810, section 4,. (5 Sm. L. 164,) by which the mode of appeal from a justice to the Common Pleas is prescribed, it is declared, that as soon as the suit is en-tei'ed on the docket of that court, “ it shall be subject to the same rules as other actions, where the parties are considered to be in court” And, if subject to the same rules, I do not see why it may not be subject to the filing of a statement, in the same manner as if the suit had been commenced in the Common Pleas. It is my opinion, therefox’e, that the judgment should be affirmed.
Judgment affirmed.