ROBERT R. CHURCH *against* PHILIP FETEROW.

IN ERROR.

A variance in the date, or in the substance of a note offered in evidence, from that set out in the statement, is a fatal objection to such evidence.

When a note is given for the payment of a certain sum of money, within a certain time, to be paid in furniture or other specific articles ; until the day of payment, the payor has an election to pay either in money, or in such specific articles; but after the day of payment is past, his right of election is gone, and the payee's right to demand the money is absolute.

In a suit upon such a note, if there has been no tender of the specific articles, a statement under the act of 1806, is sufficient.

An unqualified acknowledgment of a subsisting debt, raises a new promise by legal presumption, and it is the duty of a jury to infer a promise to pay. But if such acknowledgment is accompanied with explanations or words inconsistent with a promise to pay, it is not sufficient upon which to infer a new promise.

ERROR to the Court of Common Pleas of Cumberland county.

This action originated before a justice of the peace, from whose judgment there was an appeal to the Common Pleas, when the following statement was filed:

" This action is founded on a promissory note, or assumption in writing, dated 8th April, 1818, and signed *R. R. Church*, by which the said defendant promised to pay to the said *Philip Fe-*

*trow* $24 75, in three months after the date of the said writing."

Then followed the usual certificate.

To support his action, the plaintiff offered in evidence the following paper, signed by *R. R. Church,* the defendant:

"This is to certify, I agree that I will become accountable to *Philip Feterow,* for twenty four dollars and seventy-five cents, in three months after this date, to be paid in furniture if agreed to by the parties, this 6th day of April, 1818."

To the admission of which evidence the defendant objected:

1. This is not the same instrument declared on, it materially varies from the statement.

2. It is not a case embraced in the act of 1806.

These objections were over-ruled, and the defendant excepted.

To avoid the effects of the plea of the statute of limitations the plaintiff gave, in substance, the following evidence:

*Feterow* went to *Church's* house with a cart and asked him about the furniture. *Church* said he should have come when the furniture was ready for him; but, said he, go to my wife and see if there is any furniture there for you. *Feterow* replied, no, I have nothing to do with your wife ; *Church* then said, come we will go to the house and see if there is any furniture there for you. *Feterow* asked the witness to go along. *Church* asked what he wanted men along with him for? *Feterow* answered, to judge of the furniture. *Church* then said, that if he was not a sufficient judge of furniture himself, he might do without, and refused to go. They then parted.

The defendant's counsel requested the Court to charge the jury,

1. The paper given in evidence does not support the statement filed.

2. No recovery can be had in a suit on such a note, without a declaration; it is not the kind of a claim on which a statement under the act of 1806 can be filed.

3. The act of limitations is a bar to the plaintiff's recovery, unless he has proved, that within six years before this suit brought, the defendant promised to pay the debt.

To which the Court answered:

# Index to Vol. 2, No. 1.

PAGE.

Allen *v.* Allen—Temporary ownership, increase, bailee,    166

Allen *v.* Flock—Ejectment, conditional verdict, compensation for improvements, costs, error, release, waiver,    159

Ashcom *v.* Smith—Advertisement, conditions of sale, public vendue, sale of land, number of acres, excess, resale, measure of damages, Chancery, risk, relief,    211

Bank *v.* Barrington—Cashier, duties and defaults of—, sureties, charter, forfeiture of—, restoration of—, agent, transfer of stock, bond, estoppel, evidence, contract,    27

Barclay *v.* Thompson—Slander, foreign state,    148

Bavington *v.* Clark—Tenants in common, partition, lien, infant, confirmation, trust, purchaser, recognizance,    115

Black *v.* Marvin—Witness, partner,    138

Brien *v.* Elliott—Surveyor General, survey, Virginia entry, Pennsylvania warrant, compact between Pennsylvania and Virginia, jurisdiction, relation, evidence, fraud,    49

Brown *v.* Brashier—Slander, notice to arbitrators, adjournment, award,    114

Bryson's Road—Viewers, order to—, oath of—, defect, informality, seal of the Court, amendment, exceptions, depositions, Supreme Court,    207

Church *v.* Feterow—Note, specific articles, evidence, variance, election, tender, limitation, new promise,    301

Commonwealth *v.* Barker—Revival of judgment, execution,    232

Cotton *v.* Huidekoper—Malicious prosecution, plea in abatement, non joinder, joint and several liability, evidence, witnesses, probable cause,    149

Cowles *v.* Cowles—Production of papers, judgment by default—, interlocutory, inquisition,    139

Crist *v.* Brindle—Set-off, statute of limitations, suspension, act of agent, legal presumption.    251

Delap *v.* Stewart—Devise, trust, judgment, surety, satisfaction, assignment,    285

Erb's appeal—Judgment, surety, substitution, sale by sheriff, proceeds of sale, distribution,    296

Foster *v.* Andrews—*Prima facie* evidence, partnership debt, dissent,    160

Gray *v.* Brackenridge—*Prima facie* evidence, attorney at law, *quantum meruit*, loan of credit, compensation,    75

Green *v.* Hern—Escape, jail-yard, defence,    167

Hamill *v.* Purvis—Partners, assignment, guaranty,    177

Hartman *v.* Stahl—Award, appeal, amendment, parol evidence, sheriff's sale, acknowledgment of deed, delivery, deed retained, purchase money, evidence, possession, ejectment,    223

Herron *v.* Fry—Personal property, transfer *bona fide*,    263

Holdship *v.* Doran—Bidder, sheriff's sale, subsequent sale, difference in price, action for—, in whose name, privity of contract, return day of writ, purchase money, possession of purchaser, action for use,    9

Hoover *v.* Shields—Mortgaged land, sheriff's sale, lien divested, title, application of proceeds of sale,    135

Hough *v.* Trouts—Covenant, warranty, eviction, evidence, identity, error,    198

Houk *v.* Foley—Defalcation, sealed note, assignee, defence,    245

Johnston *v.* Harvey—Fraudulent conveyance, purchaser, affirmance, sheriff's sale, balance of purchase money, waiver,    82

ii.

# INDEX.

PAGE.

Keefhaver *v.* Commonwealth—Indictment, costs, recognizance, forfeiture, discharge, sentence, commitment, female, [240

Kerr *v.* Stiffey—Equitable title, purchase money, tender, ejectment, covenant, judgment, 174

Le Barron *v.* Harriott—Covenant, arbitration, award, pleadings, set-off, verdict, 154

Lynch *v.* Dearth—Legal and equitable title, lien, priority, 101

McCleary *v.* Allen—Landlord and tenant, ejectment, 144

McLanahan *v.* McLanahan—Devise, legacy, partition, lien, proportion, exception, 279

McLean *v.* Finley—Presumption of satisfaction, administration bond, 97

McMasters *v.* Bell—Right of entry, trespasser, statute of limitations, adverse possession, 180

McMillan *v.* Hall—Costs, 73

Moyer *v.* Gross—Settlement and improvement, proof of—, patent, 171

Monroe *v.* Wallace—Principal, surety, substitution, means of payment, allegation of fraud, 173

Neal *v.* Shields—Submission, award, mistake, evidence, 300

Ogle *v.* Graham—Note, *non est factum*, alteration, agent, subscribing witnesses, 132

Patterson *v.* Patterson—Deposition, attorney, alteration, *non est factum*, agent, 200

Penrod *v.* Morrison—Choses in action, conspiracy, abatement of action, what action survives, 127

Pride *v.* Thompson—Award for defendants in covenant, 158

Ramsey *v.* the Bank—Creditor, means of payment, surety, 203

Rankin *v.* Murry—Jurisdiction, declaration, costs, justice, 74

Robinson *v.* Justice—Silence, concealment, ignorance, positive acts, fraud, loss, improvements, disclaimer, warranty, presumption, error, 19

Roberts *v.* Beatty—Due-bill, statement, specific articles, election, entire contract, disaffirmance, tender, action on the case, 63

Shultz *v.* Diehl—Mortgage, lien, sheriff's sale, act of assembly, representation of title, 273

Southerland *v.* Purry—Ejectment, deed, tender, purchase money, 145

Steinbrook *v.* Steinbrook—Special verdict, judgment reversed, arbitration, 165

Trevor *v.* Ellenberger—Debts of intestate, lien, judgment, 94

Turnpike company *v.* Phillips—Act of incorporation, unconstitutional law, 184

Weidner *v.* Foster—Landlord and tenant, evidence, mortgage of a rent charge, transfer, possession, assignee, lessee, demise, covenant, 23

Williams *v.* Glenn—Trespass, costs, 137

Young *v.* Hosack—Unseated lands, statute of limitations. sale for taxes, assessment, 162

(Robert R. Church v. Philip Feterow.)

To the first point.   The mere production of the paper would not sustain the statements; but if there was an offer by the plaintiff, to take the furniture, and a refusal by the defendant to give it, before the suit brought, the engagement became absolute, and gave the plaintiff a right to recover the money.

We think it is such a case as is embraced in the act of 1806, which allows a statement of the plaintiff's cause of action, in place of a declaration, and no precise form is required.   The facts are set forth in this statement agreeably to the requisitions of the statute.

To the third point.   This is the law: after six years the law bars a recovery, unless the defendant actually promises to pay, or acknowledges the existence of the debt in such form, as to raise a promise in law to pay it.   Acknowledging the existence of the contract, the correctness of the note, or that the debt is due, raises an implied promise to pay, which is sufficient in law to take the case out of the statute of limitations, and enables a plaintiff in such case, to recover.   When the defendant acknowledges the existence of the debt or claim and that it is unsatisfied, within the six years, it is the duty of the jury to infer a promise to pay.   If there is not such proof, the plaintiff cannot recover.

The following errors were assigned:

1. The court erred in admitting the note in evidence; and in their answers to the defendant's first and second point.

2. The court erred in their answer to defendant's third point.

*Alexander* for plaintiff in error.

*Watts* for defendant in error.

The opinion of the court was delivered by

Ross, J.—The statement filed, sets out a promissory note, or assumption in writing, dated the 8th of April, 1818, and signed by *R. R. Church.*   The note or agreement given in evidence, was dated the 6th of April, 1818.   This evidence was objected to, and the objection over-ruled by the court.   In this, there was clearly error.   The variance between the date of the instrument given in evidence, and the one set forth in the statement, was fatal.   It is a general rule, that in actions upon bills of exchange, promissory notes, and other written instruments, the true day upon which they purport to bear date, must be stated: for it is a material part of the instrument, and the slightest variance between the date of the contract laid, and that proved at the trial, will be a sufficient ground of non-suit.   *Arch. Ev. Plead.*, 121, 228, 265.   This principle is in accordance with the opinion of this court, in *Stevens* v. *Graham*, 7 *Serg. & Rawle*, 508, in which case it was held, that proof of a promissory note, dated the 26th of July, does not support a

39

declaration, stating a note dated the 25th of July. *Justice Duncan*, who delivered the opinion of the court, says, "that in every written instrument, the day laid is material, and must be proved as laid, where the action is brought on the instrument itself." This case in fact decides the point under consideration; though the same principle may be found in *Dunbar* v. *Jumpar*, 2 *Yeates*, 75. *Cothe* v. *Graham*, 3 *Cranch*, 229. 8 *Johns. Rep.*, and in many other cases, to which it is unnecessary to refer, as it sufficiently appears, that the court erred, in admitting the note in evidence.

The second point made by the plaintiff in error is, that no recovery can be had in a suit on such a note, without a declaration; and that it is not the kind of claim in which a statement can be filed under the act of 1806. If the construction, that has been given to this act by the decision in the case of *Thompson* v. *Gifford*, 12 *Serg. & Rawle*, 74, be correct, then unquestionably the statement in this case sets out a cause of action, embraced within its provisions. It was for a debt founded on a promissory note or assumption in writing, by which *Church*, the defendant below, "promised to pay to the said *Philip Feterow*, twenty-four dollars and seventy-five cents, in three months after the date of the said writing," &c. But the note or instrument of writing, given in evidence, was very different from this statement. It was in these words: "This is to certify, I agree, that I will become accountable to *Philip Feterow*, for twenty-four dollars and seventy-five cents, in three months after this date, to be paid in furniture, if agreed to by the parties." *Duncan*, for whom *Church*, by this agreement became accountable for the amount proposed, was one of the parties, whose agreement was required before the payment could be made in furniture. Whereas, the statement filed was on a note or assumption, for the absolute payment of the money; and it entirely omitted the words, "*to be paid in furniture, if agreed to by the parties.*" In the case of *Roberts* v. *Beatty*, decided at the last term held at Pittsburg, the rule was laid down, that to authorize the filing of a statement, the demand must be one not only of the description mentioned in the act, but must also, be of such a nature, that a fixed and determinate sum may appear to be due with sufficient certainty, so that if the defendant neglects to appear, the court can ascertain the amount without the intervention of a jury, and give judgment for such sum. In this case, if the furniture were not delivered, or offered to be delivered within three months from the date of the note, then it was of that description, in which a statement may be filed. Because, immediately after the expiration of the three months, without a delivery, or offer to deliver, the agreement became absolute for the payment of the sum stipulated by the contract; and the right of election to pay in money *or* furni-

(Robert R. Church *v.* Philip Feterow.)

ture, ceased. It then became a liquidated and ascertained sum, for which a court might have given judgment, without the intervention of a jury. If, however, *Duncan* had not agreed to the arrangement, or if the furniture had been tendered, it probably would not then be a case in which a statement could be filed.

The decision in the case of *Gray* v. *Cunningham,* 17 *Serg. & Rawle,* 425, does not embrace the case now under consideration. For if the statement filed, set forth a case within the provisions of the act, a demurrer would have been of no avail: and if the note or instrument of writing given in evidence, was not such an ascertained demand, as would authorize the filing of a statement, then the only mode, which the defendant below could adopt, was resorted to on the trial, by objecting to the evidence, and requesting the court to charge the jury on the point in question. I therefore, entertain no doubt, but that the misdirection of a judge in his charge in a case like the present, may be assigned for error in this court.

The second error assigned, is that the court erred in their answer to defendant's third point, "that the act of limitation, is a bar to the plaintiff's recovery, unless he has proved, that within six years before the suit was brought, the defendant promised to pay the debt." In this point, the court below charged that, "acknowledging the existence of the contract, the correctness of the note, or that the debt is due, raises an implied promise to pay, which is sufficient in law to take the case out of the statute of limitations, and enables a plaintiff in such case to recover.—When the defendant acknowledges the existence of the debt or claim, and that it is unsatisfied within the six years, it is the duty of the jury to infer a promise.—We refer it entirely to the jury, whether the evidence establishes the existence of the claim, outstanding and unpaid within six years, before suit brought. If it was, it is your duty to infer a promise to pay—if there is not such proof, the plaintiff cannot recover." It is unnecessary to enter into an examination of the different cases, that have been decided on the statute of limitations, to show that there was error in this charge of the court. For the principle is now well established, that an acknowledgment of an existing debt, is not sufficient to infer a promise to pay, when such acknowledgment is accompanied with words or explanations inconsistent with a promise. 9 *Serg. & Rawle,* 131, *Fries* v. *Bosselet.* 11 *Serg. & Rawle,* 13, *Hudson* v. *Carey.* 12 *Serg. & Rawle,* 393, *Eckert* v. *Wilson.* 14 *Serg. & Rawle,* 197, *Baily* v. *Baily.* 1 *Penn. Rep.* 137 and *Stark. Evid.,* 889 to 898, where most of the cases decided in the courts of the different states, as well as the modern decisions in England are collected in a note. Where the expression and conduct of the defendant are ambigu-

ous in making the acknowledgment, it is a question of fact for the jury to determine whether they amount to an admission of a debt subsisting at the time. In this case, the only evidence of acknowledgment relied on to take the case out of the statute, is the testimony of *Andrew Kittering.* For *Church's* acknowledgment to *Mr. Watts* of his signature to the instrument of writing, was certainly not an acknowledgment of any indebtedness. It was merely an acknowledgment of the instrument of writing, and not of the debt itself. It neither denied, nor admitted the payment of the money: and therefore the court erred in laying it down to the jury that acknowledging the correctness of the note, raised an implied promise to pay, which was sufficient to take the case out of the statute of limitations. In the testimony of *Kittering,* there is not such an unqualified acknowledgment of a subsisting debt, as will raise the presumption of a promise to pay. Indeed it seems to me, that there is not any kind of acknowledgment of indebtedness. When *Feterow* asked him about the furniture, he said, "He should have come when the furniture was ready for him," and tells him "to go to his wife and see if there was any furniture there for him." Merely indicating thereby, that he was willing he should have it, if any could be found. After some further conversation, he said, "That if he was not a sufficient judge of furniture, he should not have any." This declaration taken in connection with the whole conversation, was, it seems to me, inconsistent with a promise to pay. And the judge erred when he instructed the jury, that if they believed the evidence established the existence of the claim, it was their duty to infer a promise to pay. It was not such an unqualified acknowledgment, as the law requires to take the case out of the statute of limitations; and the court would have been correct in laying it down, that it was not a sufficient acknowledgment to infer a promise to pay.

The law on this subject, may be thus stated: where there is an unqualified and unequivocal acknowledgment of a subsisting debt, the presumption of law would be, in the total absence of all proof or circumstances to the contrary, that it amounted to a new promise; and the court would be then bound to instruct the jury, that it was their duty to infer a promise to pay. But where the acknowledgment is accompanied with words or explanations inconsistent with a promise, the court would be bound to instruct the jury, that it was not sufficient evidence from which they could presume a new promise. When the conduct and expressions of the defendant at the time of making the acknowledgment, are equivocal or ambiguous, it will be a question of fact for the determination of the jury, whether they amount to such an admission of the debt, as will raise the presumption of a new promise.

(Robert R. Church *v.* Philip Feterow.)

For the reasons assigned, the judgment in this case must be re‑versed.

Judgment reversed and *venire de novo* awarded.