## Grace *against* Sutton.

One of two administrators may submit a matter in dispute between himself in right of his intestate and another, to reference, and the award will bind the estate.

A statement may be filed under the act of 1806, when the cause of action arises upon an award.

ERROR to the common pleas of *Venango* county.

This action was by Nimrod B. Grace and Abraham Clark against Reuben York and Reuben Sutton, administrators of Stephen Sutton, deceased, in which the plaintiff filed the following statement:—

"The plaintiffs state their cause of action to be founded on the award hereinafter stated. The following is the agreement and award, to wit:

"We, Abraham Clark and Nimrod B. Grace, and Reuben York

[Grace v. Sutton.]

one of the administrators of Stephen Sutton, deceased, do mutually agree to refer all matters and things between the said Clark, Grace, and Sutton, unsettled, originating from an article of agreement between the said parties, for the carpenter work of a brick house in the town of Franklin; and we the parties do further agree, that George Brigham, Jonathan R. Sage, and John Broadfoot, Esq., shall examine the article and work of said house, and having done so, shall make their report to us, which we mutually agree shall be final, and conclusive against further claims, or suits, or conditions, on account of said article. Witness our hands and seals, this 30th day of December 1834.

　　　　　　　" ABRAHAM CLARK,　　[L. S.]
　　　　　　　" NIMROD B. GRACE,　　[L. S.]
　　　　　　　" REUBEN YORK,　　　[L. S.]"
　　　administrator of Stephen Sutton, deceased.

" We, George Brigham, Jonathan R. Sage, and John Broadfoot, having been sworn, and having heard the parties, their proofs and allegations, do award for Grace and Clark, the sum of four hundred sixty-two dollars and fifty-five cents. Witness our hands and seals this 30th day of December 1834.

　　　　　　　" GEORGE BRIGHAM,　　[L. S.]
　　　　　　　" J. R. SAGE,　　　　[L. S.]
　　　　　　　" JOHN BROADFOOT,　　[L. S.]"

" The plaintiffs claim the above sum of four hundred and sixty-two dollars and fifty-five cents, and interest from the date of the award, and six cents damages for the detention of the same, in all the sum of five hundred dollars."

Verdict for plaintiff.

Reasons filed in arrest of judgment.

1. A statement under the act of assembly is not authorized in this case.

2. If it even be such a case as that a statement is authorized, the statement in this case sets out no cause of action against Reuben Sutton or against the administrators of Stephen Sutton, deceased.

Judgment arrested by the court for the second reason assigned.

Error assigned. In arresting the judgment.

*Pearson*, for plaintiff in error.
*Galbreath*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—This is an action in which the plaintiff filed a statement claiming against the defendants Reuben York, and Reuben Sutton, administrators of Stephen Sutton, deceased, the amount of a sum awarded by referees. One of these administrators, York, and the plaintiff, by writing under their respective hands and seals, agreed to refer all matters and things between the plaintiffs and the intestate, unsettled, originating from an article of agreement between

[Grace v. Sutton.]

the said parties, for the carpenter work of a brick house in the town of Franklin, to three men, who should examine the article and work of the house, and make their report, which should be final and conclusive, against further claims, suits or conditions. The arbitrators reported for the plaintiff the sum of 462 dollars 55 cents. Two reasons were assigned by the defendant in arrest of judgment. 1. That a statement under the act of assembly is not authorized in this case. 2. The statement set out no cause of action against R. Sutton, or the defendants. The court arrested the judgment for the second reason.

That an executor or administrator may submit a matter in dispute between another and himself in right of his testator or intestate, is laid down by the elementary writers and seems supported by the cases. *Kyd on Aw.* 39; *Caldwell on Arb.* 14; 2 *Yeates* 161; *Str.* 1144; 1 *T. R.* 691; 5 *T. R.* 6. It is not a higher power than is constantly exercised by them of disposing of the effects and chattels of the deceased, assenting to legacies, releasing debts and confessing judgments binding on the estate. If the original cause of action is against the deceased, and the administrator has authority to refer, it seems to follow that the remedy ought to be against the administrator as such. Whether there would be a personal liability, where by the submission the executor or administrator binds himself to perform the award, or the referees order him to pay the sum awarded, it is unnecessary to decide, because neither of these occurs in the present case. There is a simple submission containing no positive engagement to fulfil it. The award finds a sum due on the matter submitted, which was the articles of agreement with the intestate, but does not order the administrator to pay it. In Barry v. Rush, 1 *R. T.* 691; Worthington v. Barton, 7 *T. R.* 453; and Riddel v. Sutton, 5 *Bingh.* 200, the administrator was held to be precluded from denying that he had assets, because by the terms of the submission he had bound himself to pay or the arbitrator had ordered him to do so. But in Pearson v. Henry, 5 *T. R.* 6, the defendant as administrator submitted to an arbitration, and the arbitrators awarded that a certain sum was due from the intestate's effects, without awarding that the administrator was to pay, and it was held he might plead want of assets. This case is cited and recognized in Hoare v. Muloy, 2 *Yeates* 161, where it is said, a submission to a reference is no admission of assets. And this rule seems to be consistent with justice and with the intention of the parties, in a case like the present. To hold that such awards subjected the representative to personal responsibility, and not the estate, would go far to take away the power altogether, and compel a resort to a suit in court, when the controversy might be adjusted by neighbours in a few hours, and the estate of the decedent put in a train of speedy settlement. We are therefore of opinion, that the proper remedy on this award, is an action against the administrator as such.

That the act of one of the administrators binds the estate is not

disputed. The law now seems to be, (though anciently different,) that administrators stand on the same footing in this respect, as executors; and that the acts of any one of them, in respect to the administration of the estate, are deemed to be the acts of all, inasmuch as they have a joint and entire authority over the whole property. *Toll. Ex.* 359, 407; 2 *Ves.* 267. Beltzhoover v. Darragh, 16 *Serg. & Rawle* 337, 341.

The objection to the statement is not sustained. A statement may be filed under the act of 21st March 1806, where the cause of action arises upon an implied promise. Thompson v. Gifford, 12 *Serg. & Rawle* 74. And here there is an implied promise to pay the sum awarded.

Judgment reversed, and judgment for plaintiff.