## MARLOR v. TEXAS & P. R. Co.

### *(Circuit Court, S. D. New York. August 26, 1884.)*

1. PAYMENT—PROMISE TO PAY IN MONEY OR EQUIVALENT—TIME OF PAYMENT—ELECTION.

    Where a promise is in the alternative, to pay in money or in some other medium of payment, the promisor has an election either to pay in money or the equivalent, and after the day of payment has elapsed without payment, the right of election on the part of the promisor is gone, and the promisee is entitled to payment in money.

2. SAME—RAILROAD BONDS—PAYMENT OF INTEREST IN MONEY OR SCRIP—ACTION TO RECOVER INTEREST.

    By the terms of bonds issued in 1875, by the Texas & Pacific Railroad Company, the company acknowledged itself to be indebted to the holder in the sum named therein, which it promised to pay to ———, or assigns, at the office of the company in New York, on the first day of January, 1915, with interest thereon at 7 per cent. per annum, payable annually on the first day of July of each year, as provided in the mortgage on the lands of the company, and upon the net income derived from operating its road east of Fort Worth, by which payment was secured. The bonds further provided that in case such net earnings should not, in any one year, be sufficient to enable the company to pay 7 per cent. interest on the outstanding bonds, then scrip might, at the option of the company, be issued for the interest, such scrip to be received at par and interest, the same as money, in payment for any of the company's lands, at the ordinary schedule price, or it might be converted into capital stock of the company when presented in amounts of $100 or its multiple. The mortgage was silent as to payment of interest or principal, except that it authorized the trustees to sell the lands if default was made in the principal sum at maturity of the bonds, and apply the proceeds to satisfy the amount due. *Held,* that the mortgage did not qualify or control the absolute promise in the bonds to pay interest in money or in scrip; that the bondholders were entitled to payment of interest in money, if earned, or, if it was not earned, to the scrip, on the day at which, by the terms of the bonds, the company was to pay the interest; or exercise its alternative; and that after that day had elapsed, without an election by the company, they were entitled to be paid in money, and could maintain an action to recover the same, although no presentment of the bonds or demand of payment had been made.

At Law.

*Dos Passos Bros.*, for plaintiff.

*Dillon & Swayne*, for defendant.

WALLACE, J. This case has been tried before the court without a jury. The plaintiff is the owner of 150 bonds of the defendant, for $1,000 each, and sues to recover two installments of interest thereon: one of $10,500, payable July 1, 1882, and one of $10,500, payable July 1, 1883. The bonds are part of an issue of 8,857 bonds created by the defendant in 1875, and known as "Income and Land-grant Bonds." They are secured by a mortgage, which is a first lien on 7,600,000 acres of land of the defendant, and also upon the net income arising from operating defendant's lines of railroad east of Fort Worth, after paying interest on prior mortgages thereon.

By the terms of the bond the defendant acknowledges itself to be indebted to the holder in the sum of $1,000, "which sum the company promises to pay to ——— or assigns, at the office of the company, in the city of New York, on the first day of January, 1915, with interest thereon at the rate of 7 per cent. per annum, payable annually on the first day of July of each year, as provided in the mortgage hereinafter mentioned." After reciting that the payment of the bond is secured by a first mortgage of even date therewith upon the lands of the company, and also upon the net income of the company derived from operating its railway east of Fort Worth, the bond contains the following conditions:

"In case such net earnings shall not, in any one year, be sufficient to enable the company to pay 7 per cent. interest on the outstanding bonds, then scrip may, at the option of the company, be issued for the interest; such scrip to be received at par and interest, the same as money, in payment for any of the company's lands, at the ordinary schedule price, or it may be converted into capital stock of the company when presented in amounts of $100 or its multiple."

The mortgage is silent respecting payment of interest or principal, except that it authorizes the trustees to sell the mortgaged lands if default is made in the principal sum at maturity of the bond, and apply the proceeds to satisfy the amount due.

The rights and obligations of the parties in an action upon these bonds were incidentally considered by this court upon a motion in this case to strike out certain parts of the answer of defendant. 19 FED. REP. 867. Upon that motion it was intimated that the plaintiff was entitled to recover the installments of interest unpaid, unless the defendant could show that it had not made net earnings sufficient, and had exercised its option to issue scrip in lieu of paying interest in money. It was not intended, upon an interlocutory motion, to foreclose the defendant from contesting fully its liability upon the trial of the action; and accordingly it has been strenuously insisted for the defendant that the interest is not payable in money; that the bond is an income bond on which interest accumulates, but is not payable

until earned; and if not earned the bond is satisfied by payment in scrip.

The elaborate argument upon the trial has not changed the opinion previously entertained, that there is nothing in the language of the mortgage which controls or qualifies the absolute promise in the bond to pay interest in money or in scrip. The mortgage deals only with the subject of the security, which is to belong to the bondholders as collateral to the obligation, and with their auxiliary rights and remedies for enforcing the promise in the bond. If the bonds are to bear the construction claimed by the defendant, the bondholders for 40 years, instead of being creditors of the company, are practically only preferred stockholders, with the privilege of exchanging their stock for the lands of the company. It would be a misnomer to call such instruments bonds. There is a plain promise to pay interest annually, and nothing to lead a purchaser to suppose that he is not to have his interest or scrip instead, at the election of the defendant, if the net earnings of the ralway are not sufficient to pay the interest. If the interest is earned, the holder cannot be put off with scrip. If it is not, he may be, at the election of the company. The plaintiff was entitled to his money or the scrip, its substitute, on the day at which, by the terms of the bond, the defendant was to pay the interest or exercise its alternative. It is elementary that when a promise is in the alternative, to pay in money or in some other medium of payment, the promisor has an election either to pay in money or in the equivalent, and after the day of payment has elapsed without payment the right of election on the part of the promisor is gone, and the promisee is entitled to payment in money. For various illustrations of the rule, see *McNitt* v. *Clark*, 7 Johns. 465; *Gilbert* v. *Danforth*, 6 N. Y. 585; *Stephens* v. *Howe*, 2 Jones & Sp. 133; *Stewart* v. *Donelly*, 4 Yerg. 177; *Choice* v. *Moseley*, 1 Bailey, 136; *Butcher* v. *Carlile*, 12 Grat. 520; *Church* v. *Feterow*, 2 Pen. & W. 301; *Trowbridge* v. *Holcomb*, 4 Ohio St. 38; *Perry* v. *Smith*, 22 Vt. 301; *Mettler* v. *Moore*, 1 Blackf. 342.

The option in the bond was evidently intended for the benefit of the defendant, and to enable it to substitute scrip for money in case its net earnings, or other resources, were not such as to permit it providently to pay in money. There is no reservation, in terms or by implication, of a right to exercise the option after the day of payment, and that day having elapsed without an election by the defendant, the bondholders are entitled to be paid in money.

Upon the trial it appeared that there was no formal presentment of the bonds in suit for payment of interest on the first day of July, 1882, or on the first day of July, 1883, but it was shown that shortly after each of those days the treasurer of the defendant, at the defendant's office, notified holders of the bonds that the defendant was not prepared to pay the interest, as the earnings of the railway had not been sufficient, and that no action had been taken by the defendant

in reference to the issue of scrip. Before the commencement of this suit, induced by the suggestion that suits were about to be brought to recover the interest on the bonds, and on or about the twelfth day of October, 1883, the directors of the defendant adopted a resolution providing for paying the interest in scrip. Notice of this action on the part of the defendant was given to the plaintiff, and to the bondholders generally, by publication. It is insisted for the defendant that the defendant is not in default until a demand by the plaintiff, and, no valid demand having been made, the plaintiff should fail in his action. Neither presentment nor demand is a prerequisite to a right of action for the recovery of the interest. Neither is necessary when there is a promise to make payment at a specified time. It devolves upon the debtor to prove payment or readiness to pay. There is no distinction in this respect between notes and negotiable bonds. *Savannah & M. R. Co.* v. *Lancaster,* 62 Ala. 555; *Philadelphia & B. R. Co.* v. *Johnson,* 54 Pa. St. 127. And the rule applies also to notes payable in specific articles. *Elkins* v. *Parkhurst,* 17 Vt. 105; *Wiley* v. *Shoemak,* 2 G. Greene, (Iowa,) 205.

If the defendant had been prepared to deliver the scrip when the interest matured, it would have complied with its agreement, and been absolved from liability. The law does not usually require the doing of a vain thing, and, after the defendant had announced that it could not pay the interest, and was not prepared to issue the scrip, it would have been a nugatory and perfunctory act on the part of the plaintiff, when he was entitled absolutely to his money, to make a formal presentment of his bonds and a formal demand of payment.

Judgment is ordered for plaintiff for $21,000, with interest on $10,500 from July 1, 1882, and on $10,500 from July 1, 1883.