ISAAC M. STRAUSS *vs.* UNITED TELEGRAM COMPANY.

Suffolk.   March 22, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Action by Holder of Bond — Burden of Proof — Statute — Negotiable Security.*

In an action to recover interest on the bond of a corporation by the holder thereof, which bond contains an absolute promise to pay interest on certain specified days, the burden of proof is not on the plaintiff to show that income has been earned; and while a provision that "interest shall be cumulative, and if any of the payments cannot be made on the dates named all interest due shall be paid as soon thereafter as sufficient money has been earned to enable the company to do so," may afford a defence to the company, if it can show that income has not been earned, it cannot be regarded as constituting the earning of income a condition precedent to the maintaining of an action, or as imposing the burden of proof upon the holder of the bond.

A bond of a corporation, which declares that the corporation is indebted to the bearer in a certain sum which it promises "to pay to the bearer hereof, or, if it be registered, to the registered holder thereof," at a certain time and place, "with interest thereon at the rate of five per cent per annum," and which contains nothing on its face to show to whom it was originally issued, is a negotiable bond, and the holder thereof may maintain an action in his own name to recover the interest thereon which is due.

LATHROP, J.   This is an action of contract, in eighteen counts, in which the plaintiff seeks to recover the interest alleged to be due on eighteen five-hundred-dollar bonds of the defendant corporation, on January and July 1, 1893, and on January 1, 1894.   The plaintiff is not the person to whom the bonds were originally issued, but he is a holder for value, and is also a registered holder.   The bonds are under seal, are signed by the president and secretary of the corporation, and are of the following tenor :

" Know all men by these presents, that the United Telegram Company, a corporation duly organized and existing under the laws of the State of New Jersey, for value received, is indebted to the bearer in the sum of five hundred dollars lawful money of the United States, which sum it hereby promises to pay to the bearer hereof, or, if it be registered, to the registered holder thereof, thirty years after the date hereof, at its office or agency in the city of Boston, Massachusetts, with interest thereon at the rate of five per cent per annum, payable semiannually, on the first days of January and July in each year, the first payment to be made on the first day of January, A. D. 1891.   Said interest shall be cumulative, and if any of the payments cannot be made on the dates named all interest due shall be paid as soon thereafter as sufficient money has been earned to enable the company to do so.   In the event, however, of the non-payment of any interest due on this bond, and if such default shall continue for nine months after maturity and demand of payment, then the principal of this bond shall at the option of the holders of a majority of this issue become due and payable, and it shall be lawful for the holders of a majority of the total issue of these bonds to enter into and upon all and singular the property owned by said company, and to take possession thereof, and to sell and dispose of the same at public auction for the benefit of all the bondholders.   This bond is one of a series of four hundred bonds of like amount, tenor, and date, numbered consecutively from one to four hundred inclusive, and while in the nature of an income bond shall be a first lien on all the property of the said company ; and the said company hereby agrees with the holder hereof that it will not issue any mortgage or other lien on its property, or any obligation that shall constitute a lien

prior to this on the assets of the company. No suit either at law or in equity, except to enforce the payment of interest as heretofore set forth, is to be brought on this obligation against the corporation during the term for which this bond is to run. In case, however, this corporation is adjudged to be insolvent or bankrupt by due process of law, then the principal of this obligation is to become at once due and payable. This bond shall not become valid or obligatory until the certificate authenticating the same, which is indorsed hereon, shall be signed by Theodore L. Cuyler, Jr., of the city of New York, as registrar, or by his successor duly appointed.

"In witness whereof the United Telegram Company has executed and attested this bond by its President and Secretary, and has caused its corporate seal to be hereunto affixed at Jersey City, State of New Jersey, this first day of July, A. D. 1890."

Neither of the parties in this case offered any evidence in the court below as to the ability or inability of the defendant to pay interest on the bonds, or whether sufficient income had been earned or not. If the bonds in question had contained simply a promise to pay interest out of the income earned, it may be conceded that the promise would be merely conditional, and the burden would be on the plaintiff to show that sufficient income had been earned to warrant the payment of interest. *Corcoran* v. *Chesapeake & Ohio Canal*, 1 MacArthur, 358. But the bonds in question contain an absolute promise to pay interest on certain days specified. The words which follow, "Said interest shall be cumulative, and if any of the payments cannot be made on the dates named all interest due shall be paid as soon thereafter as sufficient money has been earned to enable the company to do so," may afford a defence to the company, if it can show that income has not been earned, but cannot be regarded as constituting the earning of income a condition precedent to the maintaining of an action, or as imposing the burden of proof upon the holder of a bond. The case is very similar in this respect to that of *Marlor* v. *Texas & Pacific Railway*, 19 Fed. Rep. 867, before the Circuit Court of the United States for the Southern District of New York. The bond in that case contained an absolute promise to pay interest annually, and contained a recital that it was secured by a mort-

gage of certain lands which constituted a lien upon the net income of a part of the railway. Then followed this clause : " And in case such net earnings shall not in any one year be sufficient to enable the company to pay seven per cent interest on the outstanding bonds, then scrip may, at the option of the company, be issued for the interest." It was held that, as there was an absolute promise to pay, the plaintiff by proving his ownership made out a *prima facie* case ; and it was said by Judge Wallace : " The fact, whether the net earnings of the defendant's railway are sufficient in any one year to pay the interest or not, is one peculiarly within its knowledge, and it is not incumbent upon a holder of the bond to assume the burden of proving the negative." See also *S. C.* 22 Blatchf. 464, and, on appeal, *nom. Texas & Pacific Railway* v. *Marlor,* 123 U. S. 687, 689.

We are of opinion that on this point the judge in the court below rightly ruled in favor of the plaintiff.

The remaining question in this case is whether these bonds are negotiable, so that the plaintiff may maintain an action thereon in his own name, although he was not the person to whom they were originally delivered, and no consideration moved from him to the defendant.

In 1852, an act was passed by the Legislature of this Commonwealth in the following words : " All bonds and other obligations, under seal for the payment of money purporting to be payable to the bearer, or some person designated, or bearer, or payable to order, which have been or hereafter shall be issued by any corporation or joint stock company, are hereby made negotiable in the same manner and to the same extent as promissory notes are now negotiable." St. 1852, c. 76. This was re-enacted in the Gen. Sts. c. 53, § 6, and in the Pub. Sts. c. 77, § 4, where it reads as follows : " A bond or other obligation under seal issued by a corporation or joint stock company for the payment of money, if purporting to be payable to order, to bearer, or to a person designated or bearer, shall be negotiable in the same manner and to the same extent as a promissory note." While the language just quoted differs slightly from that of the St. of 1852, the meaning is undoubtedly the same.

This statute has been liberally construed, and the negotiability of bonds has been maintained where the language did not fall within the terms of the statute.

In *Chapin* v. *Vermont & Massachusetts Railroad,* 8 Gray, 575, the defendant issued bonds in 1849, payable to ——, and purporting on their face to be secured by a mortgage. This mortgage was subsequently ratified by the Legislature. St. 1850, c. 233. In an action on one of the bonds, the court held that the bond did not come within the terms of the statute, but it was also held that it was clearly the intention of the defendant in issuing the bonds that they should pass from hand to hand and be negotiable ; and the court said : " It is therefore fairly to be presumed, and indeed it is an unavoidable implication from all their proceedings, that they consented that any *bona fide* holder of one or more of these bonds, for value, might perfect the contract by inserting at his own pleasure his name as obligee of the bond in the blank space which had been left in it for that purpose. And this is undoubtedly one of the things which it was the object and design of the statute to ratify and confirm."

The opinion in the case last cited rests partly upon the ratification of the mortgage by the St. of 1850, c. 233, but it may be questioned whether there is anything in the language of the statute to justify the last sentence quoted, or whether the Legislature intended anything more than to ratify a mortgage, the power of the defendant to make which was in doubt.

In another action on one of the same bonds, which was finally determined in favor of the plaintiff by the Supreme Court of the United States, no reference was made to the effect of the St. of 1850, and the decision was put upon the broadest ground. Mr. Justice Nelson said : " As to the negotiability of this class of securities, when shown to be intended that they should possess this character by the form in which issued, and mode of giving them circulation, we think the usage and practice of the companies themselves, and of the capitalists and business men of the country dealing in them, as well as the repeated decisions or recognition of the principle by courts and judges of the highest respectability, have settled the question." *White* v. *Vermont & Massachusetts Railroad,* 21 How. 575.

In *Haven* v. *Grand Junction Railroad,* 109 Mass. 88, 96, an interest warrant payable to bearer, detached from a bond, was held to be negotiable, so that it could be enforced by a holder for value.  No reference is made in the opinion to the statute. .

In *Union Cattle Co.* v. *International Trust Co.* 149 Mass. 492, coupon bonds were issued by the plaintiff, a corporation, payable to the defendant, trustee, or bearer, on November 1, 1896, and were expressly made subject to the conditions of an agreement between the parties, whereby a sinking fund of not less than fifty thousand dollars nor more than one hundred thousand dollars was to be applied each year to the purchase or drawing at par of said bonds, and the whole issue might be drawn at par on November 1, 1891, or any coupon day thereafter.  These bonds were held to be negotiable "by virtue of the Pub. Sts. c. 77, § 4, as well as by custom, notwithstanding the conditions referred to in them."

On these authorities, we are of opinion that the bonds in question are negotiable bonds, and that the plaintiff may maintain an action upon them in his own name.  Any other conclusion would make the bonds a fraud upon purchasers in good faith.  There is nothing upon the face of the bonds to show to whom they were originally issued.  They were undoubtedly intended by the original parties to them to be negotiable; and if the plaintiff cannot recover in his own name, he is without remedy.  See 1 Wait's Act. & Def. 688, and cases cited; *Carr* v. *Le Fevre,* 27 Penn. St. 413, 418; *Bunting* v. *Camden & Atlantic Railroad,* 81 Penn. St. 254; *Society for Savings* v. *New London,* 29 Conn. 174.

*Exceptions overruled.*

*R. D. Weston-Smith,* for the defendant.

*O. B. Mowry,* for the plaintiff.