Trumbull, J. This record shows, that Woods agreed with Dial to give him forty dollars in trade, for his iinproveiiient on Congress land—Dial to keep possession of the place for one year— that he left the premises in the spring, and brought suit for the forty dollars for which he had judgment. ■ The agreement was by parol,, and the. evidence of its.terms, as shown by the record, is exceedingly meagre. Neither the kind of trade, the time or place for its delivery, the residence of the parties, except that one of them resided on .Congress land,- .nor the business, that either followed, appears in the case. The Circuit Court refused to instruct the jury that proof .of a demand was necessary .to entitle the appellee .to recover. The courts have felt some difficulty in construing, contracts of this character, and their decisions are somewhat conflicting. In this State, we have a statute regulating the place of delivery óf personal property in certain cases, when the contract is in writing and payable at a particular time. The-statute however has no application to this case, as the contract was not in writing. When the contract is payable in trade- generally, and no time or place is specified for its delivery, it is but reasonable that the promisee before bringing suit, should notify the promiser what kind of trade he will have, and when he is ready to receive it, or show some excuse why he has not done so. .A contract payable in trade without time or place, is payable oh demand, or within a reasonable time thereafter, according to the nature of the thing demanded. Upon a contract payable in farm produce, it was held in the case of Lobdell v. Hopkins, 5 Cowen, 516, that a special demand was necessary. The case of Vance v. Bloomer, 20 Wend., 196, is to the same point. We are disposed to adopt the rule as settled in New York, and hold that a special demand was.necessary in this case. In the absence of all testimony to show where the contract was made, or where the parties resided, the presumption is, that they resided in the County where the suit was brought. In such case the demand.should.be .made .at the-debtor’s-residence or place of doing business. If he. had no fixed place of residence or doing business, or was a non-resident, the rule would be different and.perhaps.in some instances the.demand might be dispensed with. - The creditor in this case. undoubtedly had the -right .-to select the land of trade he would have, confining himself .however to such articles as the parties had in -view at the time of making the contract. If the case showed that the.debtor was a merchant, there could be no question that the creditor would be confined in his selection .to such articles as his debtor usually traded in, and'that he would be bound to make the demand and receive the goods at his store, and at the "usual prices. 2 Kent’s Com., 505; 2 Grreenleaf Ev.j § 609. The subject matter of the agreement is however the only circumstance- that appears-' in this record, from which tó ascertain what the parties meant by trade. In such a case, the custom and usage of those who' enter into similar contracts ought to govern its construction. A debtor who wished to discharge such a contract, would have the right to call upon his creditor to select the property and name á time and plácé for its "delivery, and upon' his failure to' do so, it would then be the right of the debtor to select property subject: to the same restrictions as the creditor would have been under, had he made the selection,' and tender the' same at some reasonable time and place in discharge of his" obligation. As the case will have'to be reversed, on account of the refusal ■of the Goúrt to instruct the jury that a special "demand"'was necessary, and it is probable that further testimony will be adduced upon another' trial, it is unnecessary to pursue this discussion further. Judgment reversed- ánd cause remanded. 1 Judgment reversed. ,