*Welles, J.
 

 — By the contract upon which the „ ^ action was brought, the defendant was bound to pay the plaintiff $362.50, by the first day of March succeeding its date (March 1844), in such castings as were made at the Middleburgh furnace, at 4J cents per pound; the plaintiff having the right to select the castings, which the defendant was bound to deliver at the dwelling-house of the latter. A portion of the castings
 
 *538
 
 were selected by the plaintiff and delivered to him by the defendant; the last payment was made on the 16th of March 1844. In March 1847, more than three years after the contract, by its terms, was to have been performed, the plaintiff demanded thy balance, specifying the particular kind and description of castings which he required, all being within the description provided for in the contract, which the defendant neglected to deliver.
 

 It is claimed, that the contract imposed no duty upon the defendant to perform it, except within the time designated; and as the plaintiff had the right of selecting the particular kind of castings to be delivered, and # -i having, in reference to the balance *not delivered, -1 neglected to make such selection, by the time mentioned, the contract is at an end, and should be treated as if fully performed on the part of the defendant. This, however, cannot be so; the defendant was bound, by the agreement, to pay a certain amount, in a certain kind of property, which he has not done. The provision allowing the plaintiff the right to select and direct the particular description of castings to be delivered, was a privilege which it was competent for him to waive, without impairing the other provisions, or affecting the defendant’s obligation to pay the amount; and admitting that such privilege continued no longer than to a reasonable time before the expiration of the period allowed by the contract for payment by the defendant, to enable him to deliver such as the plaintiff might select, the most that can be claimed for the defendant, in case the plaintiff neglected to exercise the right of selection within that time, is, that he had waived it, and the privilege of making the selection was thereby transferred from the plaintiff to the defendant; but it by no means absolved the defendant from making payment at all. His duty to deliver the requisite amount of cast
 
 *539
 
 mgs would remain, and would only be affected in regard to the particular kind to be delivered.
 

 But it is not necessary, in this case, to decide how long the plaintiff’s right of selection continued, as the defendant is clearly in default, in respect to the amount not paid, in delivering castings selected by either himself or the plaintiff; although, I am of opinion, that if the plaintiff intended to avail himself of that right, he was bound to exercise it in time to afford the defendant an opportunity to comply, by the day mentioned in the agreement for that purpose, or the day to which the parties agreed to extend the time of performance. (8 Day 327.) If the plaintiff’s right of selection had terminated by lapse of time, or otherwise, the defendant should have paid the balance of the amount due, in castings of his own selection.
 

 It is insisted, that the defendant was forbidden by the plaintiff to deliver any castings, except such as the plaintiff should select, and the selection not having been made within the time *provided by the .. ^ contract for their delivery, the defendant is ex- *- cused from further performance. Assuming, that the plaintiff’s right to select terminated with the time allowed the defendant for making payment, if the defendant wished to discharge himself from the obligation, he had it in his power to do so, by delivering the amount remaining due, in a reasonable time after the day fixed by the contract for payment, in any kind of castings therein described. If such right did not then terminate, but continued indefinitely, the defendant could have put an end to it, at any time afterwards, by requiring him to make the selection, and in his default, could have made the payment according to his own selection.
 

 The directions of the plaintiff to the defendant, not to deliver any castings until he had notice from the plaintiff of the kind he wanted, were before the payment was
 
 *540
 
 due, and can be regarded in no other light than an admonition to the defendant to observe the provisions of the agreement, and not to disregard the plaintiff’s right of selecting for himself.- This view of the conduct and motives of the plaintiff, derives strength from the fact, that the defendant had been pressing him to select the castings, long before they were due, and had proposed to deliver certain kinds of castings, which the plaintiff had not called for. It would be torturing language, to construe these declarations of the plaintiff, under such circumstances, into.a rescission of the agreement; and it must amount to that, in order to excuse the defendant from his obligation to pay the balance. The 'judgment of the supreme court should be affirmed.