### Cassius M. Upton v. The Elite News, for Use, etc.

1. MEASURE OF DAMAGES—*Contract Calling for Part Payment in Merchandise.*—A agreed to render certain services to B, payment to be made one-half in books handled by B and one-half in cash. A sued for the entire amount agreed upon. *Held,* that he was only entitled to recover one-half of the amount agreed on, as the evidence failed to show that he had selected or designated the books he would take.

Assumpsit, on the common counts. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in

this court at the March term, 1897.    Affirmed if remittitur be entered, otherwise reversed and remanded.    Opinion filed May 6, 1897.

SETH F. CREWS, attorney for appellant.

A suit is a legal demand for money only, and an action will not lie upon a contract payable in anything other than money until after a special demand made; and the plaintiff must allege and prove a demand before suit is brought." Am. & Ency. of Law, Vol. 5, p. 528, citing Wyatt v. Bailey, 1 Moor (Iowa), 396; Decker v. Burhap, Id. 62.

"In order to support an action on a contract to be performed by delivery of property, a special demand must be proved." Bradley v. Farrington, 4 Ark. 532; Martin v. Chauvin, 7 Mo. 277.

An action does not lie for the value of wheat which is to be delivered when threshed, until demand has been made for the wheat.    State v. Mooney, 65 Mo. 494.

To enable a party to recover in an action on a due-bill, payable in specific property, no time being mentioned, a demand is necessary; otherwise what time and place are specified.    Widnea v. Walsh, 3 Colo. 548, citing Lobdell v. Hopkins, 5 Cowp. 516; Vance v. Bloomer, 20 Wend. 196; Stewart v. Smith, 28 Ill. 397; Bilderbank v. Burlingame, 27 Id. 337.

SMITH, SHEDD, UNDERWOOD & HALL, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued for the compensation due to it for the performance by it of a contract, as follows :

OFFICE OF THE ELITE NEWS,
317 Rookery Bldg., Chicago.

CHICAGO, March 9, 1893.

C. M. Upton, Monon Bldg., City.

DEAR SIR: In reference to the matter of advertising in the ' ELITE,' in case you accept our offer for one column one year for seven hundred forty-eight ($748) dollars net, placed

next reading matter, we will also publish three illustrated articles to occupy not more than a full page each and in different issues of the paper, without charge, payable one-half in books handled by C. M. Upton, balance in monthly payments.

ELITE NEWS CO.,

H. A. PIERCE, Manager.

Accepted.

C. M. UPTON."

We will not repeat the evidence, which shows that the appellee fully performed, except as to "illustrated articles," from which it was excused by the neglect of the appellant to furnish copy, but by which the appellee saved ten dollars of expense.

The appellee has recovered seven hundred and twenty-eight dollars, which is wrong, because the appellee never selected or designated the books it would take, and the appellant could not select for it. Woods v. Dial, 12 Ill. 72. The half payable in money, less half the expense saved, the appellee was entitled to recover, but no more.

That amount is $369, to which, if the appellee will, within ten days after this opinion is filed, remit, the judgment will be affirmed for that sum; otherwise the judgment will be reversed and the cause remanded.

In either case, the appellant recovers his costs here.