### [No. 1876.]
### HANNAN v. ANDERSON.

1. EVIDENCE—SALES—BILLS AND NOTES.

Plaintiff bought of defendant a bicycle which he afterwards returned, for which defendant gave him a receipt agreeing to credit a certain sum upon the purchase price of any wheel plaintiff might select from defendant's stock.    Defendant refusing to comply with his agreement, plaintiff brought suit upon the receipt.    *Held*, that the receipt possessed the elements of a property note and entitled plaintiff to a credit on the purchase price of any wheel he might select from the stock when demand was made, and evidence as to the character and value of wheels defendant was dealing in at the time the receipt was given was immaterial and properly rejected.

2. SALES—RECEIPT FOR RETURNED GOODS—CREDIT ON OTHER PURCHASE—DEMAND—REASONABLE TIME.

Where plaintiff bought of defendant a bicycle which he returned, defendant giving a receipt therefor, agreeing to credit a certain sum upon the purchase price of any wheel plaintiff might select from his stock without specifying any time when demand or payment should be made, the receipt was payable on demand within a reasonable time, and what was a reasonable time was a question of fact to be determined by the court under the particular circumstances of the

case, and the finding of the trial court upon that question will not be disturbed on appeal.

3. SAME—TENDER.

Where a dealer gives a receipt for a returned bicycle with an agreement to credit its value upon the purchase price of any wheel to be selected by the purchaser from the stock of the dealer, and the purchaser fails to exercise his right within a reasonable time, the dealer cannot repudiate his contract and escape liability thereon without tendering the amount due in a wheel of his own selection.

4. SAME.

Where a dealer gave a purchaser a receipt for a returned bicycle with an agreement to credit the value on any wheel in stock that might be selected by the purchaser, after the purchaser had selected a wheel and demanded the credit thereon, it was too late for the dealer to satisfy his agreement by the return of the old wheel to the purchaser, if he ever had such right.

*Appeal from the County Court of Arapahoe County.*

Messrs. ROGERS & STAIR, for appellant.

Mr. RALPH E. STEVENS, for appellee.

WILSON, J.

This suit was commenced before a justice of the peace; thence it was appealed to the county court, and from that court to this. There are, of course, no written pleadings. The facts relied upon by plaintiff, as shown by the abstract, and testified to by him, are that he purchased from the defendant, Hannan, who was a dealer in such articles, a bicycle, paying therefor the sum of $135. Shortly subsequent, plaintiff, on account of sickness, was unable to ride the wheel, whereupon he took it back to the defendant, who received it, executing and delivering to plaintiff the following instrument in writing:

"Received of F. H. Anderson Warwick Safety, solid tire, to apply on any new wheel he may select from our stock. Price allowed for same, Sixty Dollars, $60.00.

"G. E. HANNAN.

"April 15, '92."

Nothing further seems to have been done in the premises until some time in the year 1894, when it appears that plaintiff, being still unable to ride, was endeavoring to negotiate his receipt, but the defendant refused to honor it. On April 13, 1898, plaintiff went to the defendant's store, selected a new wheel and offered to take it, presenting this receipt or order in part payment. This proposition, defendant declined to accede to, and finally refused to honor or recognize the receipt at all. Plaintiff and defendant were the only witnesses, and the latter disputed some portions of the testimony which we have recited as being given by plaintiff. Thereupon, plaintiff instituted this suit to recover from defendant the sum of $60.00. The finding of the court was in favor of plaintiff, and judgment was rendered accordingly.

The first assignment of error was predicated upon the refusal of the trial court to permit evidence as to the value and character of the wheels that were in stock at Mr. Hannan's store at the time this receipt was given. In this, we are of opinion that the court did not err. Such testimony was wholly irrelevant and immaterial. The instrument in writing, although designated a receipt, possessed the elements of a property note. It was definite, explicit and unambiguous in its terms. The legal construction of it was that the defendant acknowledged the receipt from plaintiff of the sum of $60.00, for which amount the defendant agreed to give plaintiff credit on the selling price of a new wheel, or of any wheel, which the plaintiff might thereafter select from the stock of the defendant. The character of the wheels that Mr. Hannan was then dealing in, or their value, could have no possible bearing on the case. He might then have been dealing in one class of wheels and very shortly subsequent have been dealing in an entirely different class. Plaintiff, of course, could not, in any case nor at any time, have demanded any wheel except one of those which defendant at the time of the demand had in stock, and this he must have taken at the regular price at which it was selling, less the $60.00 credit.

The other assignment is to the effect that the court erred in rendering judgment for the plaintiff upon the evidence adduced. This can only apply to the facts as shown by the testimony, and, under the well settled rule, the findings of the court not being manifestly against the weight of the evidence, will not be disturbed. Various questions not covered by the assignments of error are argued by counsel, but these we are not called upon to notice.

It will be observed that the receipt, or note, or contract— whatever it may be called—did not specify any time when the demand or payment should be made, or when the paper matured. This being the case, it was payable on demand within a reasonable time. What was a reasonable time was a question of fact to be determined by the court under the circumstances of the particular case. This fact was found by the court against the contention of defendant, and, for the reasons above stated, such finding will not be disturbed. If at any time, after the lapse of a reasonable time, the plaintiff had refused or failed to make a selection, the defendant might have relieved himself of liability, at least so far as cash payment was concerned, by himself making a selection and notifying plaintiff to remove the wheel so selected. *Woods v. Dial,* 12 Ill. 72; *Gilbert v. Danforth,* 6 N. Y. 585.

In any event, the defendant could not repudiate his contract. If the plaintiff, under the circumstances of the case, had failed to exercise his right of selection within a reasonable time, and such right of selection had thereby terminated, it would have still been the duty of the defendant, in order to have escaped liability, to have tendered the amount due in a wheel of his own selection. *Gilbert v. Danforth, supra.*

The defendant refusing to comply with the demand of plaintiff, and refusing to recognize his obligation as expressed in the receipt or contract, was liable for the amount in money, and hence, under this evidence, this suit was properly brought.

There was some evidence to the effect that when plaintiff made his selection of a wheel from defendant's stock, in

accordance with the terms of the contract, and requested a compliance with the contract—which request defendant refused—the defendant, in proposed satisfaction of his obligation, offered to return to plaintiff his old wheel. This offer could avail defendant nothing. It came too late, even if defendant ever had such right at any time. Plaintiff had already exercised his right of selection.

The judgment will be affirmed.

*Affirmed.*