with the plaintiff; his own testimony being that, the public display of one of those trunks having attracted his attention, he was induced to acquire the agency for their sale. He seeks, by a series of agreements, to establish an exclusive ownership or right to the use of that design. It is conceded that from 1888 to 1892 he was acting as the sole agent for the patentees and manufacturers, and it is, of course, obvious that during that time he could acquire no rights as against his principal. After the termination of the agency the plaintiff conducted the business under a license. By its terms this license was not exclusive. Under it the plaintiff's predecessors in interest were permitted, against a royalty, to manufacture the banks, the castings for which, however, still remained under the control of the original owners. The alleged parol agreement on the part of the defendant Headley not to engage further in the manufacture of the registering trunk-shaped bank is not, to my mind, borne out either by a preponderance of direct testimony or by the probabilities of the case, and without such an agreement the plaintiff necessarily fails on the mere contractual elements of his case. It appears, further, that other trunk-shaped banks have been manufactured concurrently with those made by the plaintiff. That those were not self-registering is not material, in view of the fact that the plaintiff concedes that the right to the mechanism still remains in the patentees or their assignees, and that his sole claim rests in the inclosure of this mechanism in a case of particular shape. The complaint should be dismissed on the merits, without costs.

Complaint dismissed, without costs.

(57 App. Div. 361.)

## KEEFE v. BANNIN.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

BILLS AND NOTES—PAYMENT—DEMAND—DEFAULT.

Where plaintiff held a note for $125, payable $25 in money, and the balance in cut stone of the value of $100, within six months, as ordered by plaintiff, and no stone was ordered within the six months, but subsequently a portion was ordered and delivered, plaintiff could not maintain an action on the note for the balance without showing demand made and refusal.

Parker, P. J., dissenting.

Appeal from Warren county court.

Action by Daniel F. Keefe against William A. Bannin. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

King & Angell (H. Prior King, of counsel), for appellant.
A. & L. Armstrong (A. Armstrong, of counsel), for respondent.

KELLOGG, J. The action was brought in a justice court, and a jury there gave a verdict in favor of defendant. On a new trial in

the county court, a jury gave a verdict for plaintiff. The action is to recover upon a promissory note, which reads as follows:

"July 8, 1896.

"For value received, I promise to pay to the order of Daniel F. Keefe the sum of one hundred and twenty-five dollars, as follows: Twenty-five dollars and interest thereon six months from the date hereof, and the balance is to be paid by furnishing the said Keefe cut stone of the value of one hundred dollars, within six months from this date, as ordered by him.

"[Signed]  W. A. Bannin."

The $25 and interest promised in money was paid. The six months mentioned in the note expired January 8, 1897. No stone were ordered or delivered within that six months. After January 8th, and during the winter, some stone was furnished, the value of which the jury allowed. In October, 1897, plaintiff ordered other stone, which defendant furnished in November following, and the value of these also was by the jury allowed in partial discharge of the promise to deliver stone as the note provides. No stone was subsequently ordered by plaintiff, and no demand was made that defendant complete his contract to deliver stone. In June, 1899, plaintiff brought this action, alleging in his complaint that plaintiff had ordered the cut stone, and defendant had failed and refused to deliver it, and asked for a money judgment. The answer denies that plaintiff had ordered stone which had not been delivered, alleged that plaintiff had failed to order the stone, and readiness and willingness at all times on defendant's part to perform. The learned county judge in his charge to the jury said: "The plaintiff is entitled to recover this one hundred dollars and interest from the 8th day of January, 1897, subject to a deduction for the value of the stone on Grand street and the value of the stone on Chester street, if the jury find that they had been accepted, or had been ordered and accepted, by Mr. Keefe,"—to which defendant excepted. The jury settled these questions in favor of defendant, but, under the charge, the jury had no option but to find for plaintiff for the balance.

In this view of the facts and the law, I think there was fatal error. The case of Gilbert v. Danforth, 6 N. Y. 585, holds that the maker of the note is not discharged from the obligation to perform because of failure of the payee to make selection within the stipulated time. While his legal right to make selection may be extinguished by delay beyond the time fixed, still the payee may demand payment according to the tenor of the note at a future day, and if he does so, and the maker refuses to deliver the articles stipulated for, then plaintiff may recover a judgment for money. If it be conceded to be the law as to contracts of this character that, after the date fixed in the note, the maker may exercise the right of selection himself, and make delivery of stone cut in any form or of any dimension, either monuments, grave stones, building stones, curb stones, or paving stones, or stone cut in any other form, if he choose, at any time after the date fixed, still that concession detracts nothing from plaintiff's duty, and adds nothing to his rights, under the contract. If he wishes to place defendant in this case in default, he must make his demand, make his order for stone, stating uses,

quality, and form, or demand that defendant himself exercise the right of selection and make delivery within a reasonable time. Any other construction would permit plaintiff to reap a material benefit from his own failure to perform.

I do not think that silence on the part of the plaintiff, who in this case is both a promisee and a promisor, can better his position, or add to defendant's burden. The plaintiff promised to select the stone, and he is in default. The defendant did not promise to select the stone at any time, and until demand he cannot be in default. Should it be conceded that defendant might, at some time after the time fixed in the contract or note, legally perform by delivery of stone selected by himself, when does that time expire? He may safely wait, I think, until the payee himself makes the demand. Here the plaintiff or payee was exercising the right of selection nine months after the time fixed in the note, and the order so given was complied with by defendant. So long as the defendant is willing that the plaintiff should exercise the right of selection, the plaintiff has no right to complain. This was the duty he assumed. He cannot relieve himself from performance, and throw the duty upon defendant by simply remaining silent. If the question should ever become a question of reasonable time in which to perform, then, under such facts as in this case appear, that would be a question of fact, and not one of law, and would belong to a jury.

The judgment should be reversed, with costs in this court and in the county court.

MERWIN, SMITH, and EDWARDS, JJ., concur.

PARKER, P. J. (dissenting). I cannot concur with the conclusion which the court has reached in this case. Two propositions applicable to it are settled in Gilbert v. Danforth, 6 N. Y. 585, —one, that the defendant was not discharged from liability to pay the full sum of $100 in cut stone, although the plaintiff had not, within the six months fixed by the terms of the note, designated the kind to be delivered; another, that if, after the expiration of the six months, the plaintiff had designated the kind to be delivered, and the defendant had refused to make any delivery, an action might be maintained for the balance unpaid, and a money judgment obtained therefor. Such case does not, however, decide the question which is presented upon this appeal, viz. whether, after the expiration of such six months, the plaintiff was obliged to designate the kind of stone he desired, and demand its delivery, in order to put the defendant in default, and maintain this action for the balance yet unpaid. Nor do I find that precise question decided in any case which has come to my notice. If the plaintiff's right, under the contract, to designate the kind of stone to be delivered, expired at the end of the six months, if such a designation would be without right or force, then it would be idle to require it, and a mere demand that the defendant proceed and perform his contract is equally unnecessary. But if, by force of the contract, such right of selection continued after the six months, then it would seem that

the defendant might, if he desired, await such designation and demand without being considered in default on his part. It is said in the case above cited that the right of selection given to the payee in such a contract is for his benefit, but that, if he neglects to make his selection of the entire amount to be delivered within the time fixed by the contract, the right then accrues to the payor to demand that the payee at once make it, and, if he still neglects, the payor may himself make the selection, and so perform his contract by delivering the articles thus selected. But it is not distinctly decided, nor was it necessary in that case to decide, that, upon the payee's omission to select within the time specified, the right did not at once accrue to the payor to make the selection, and so perform on his part, without any notice whatever to the payee. The judge writing the opinion says that, in his judgment, the payee's right of selection expires with the time fixed in the contract, and that the payor's right to select at once accrues. He, however, expressly leaves that question open, and it does not have the force of a decision by that court. If, upon the expiration of the six months, the right at once accrued to this defendant to himself make the selection, without any notice to the plaintiff, there is no reason apparent why any demand should be required from the plaintiff to put defendant in default. In that case he needs no information from the plaintiff to enable him to perform. He has but to select such cut stone as he desired, and deliver to the plaintiff the amount still necessary to pay his full indebtedness. We are therefore now called upon to decide whether the plaintiff, under the terms of this contract, had, after the expiration of the six months, any right to designate the particular kind of cut stone that the defendant must deliver to perform on his part. If he did not, then such contract informed the defendant what he was to do, and there was nothing to prevent his doing it.

The contract is, in effect, a note that by its terms is to mature six months from its date. One hundred dollars of its amount is to be paid in cut stone within that period, and the plaintiff is given the privilege of designating the particular kind of such stone. Of course, until so designated, the defendant would be unable to pay; for he would not know the precise thing with which he was to pay. But clearly, by its terms, the note requires the defendant to pay at the expiration of six months, and therefore it must be considered that the privilege of selection given to the plaintiff was to be exercised in time to permit the defendant to perform on his part; that is, the plaintiff's right to select must be exercised at least within the six months within which the defendant was to deliver the stone. By neglecting to exercise that privilege within that period, the plaintiff waived the right which the contract gave him, and the defendant was at liberty to at once perform, untrammeled by any restriction; that is, he could at once deliver cut stone such as he should select. I can discover nothing in the terms of the contract indicating any intent to extend the maturity of the note beyond the time specified in it. Clearly, it is a note payable in six months from its date. Why should it be so construed as to turn it into one payable on demand? My conclusion is that, at the expiration of the

six months, all right to designate the kind of stone had passed from the plaintiff, and the defendant was at once free to perform by delivering such cut stone as he desired. Having such right, there was no reason why he should not have performed within a reasonable time after it so accrued to him. Under his contract, he was obligated so to perform, and no demand or further designation was necessary to put him in default.

It is claimed by the defendant that performance on his part, in accordance with the terms of the note, has been waived by the plaintiff. It is true that some stone was ordered by the plaintiff after the six months had expired, and that it was afterwards rejected by him. Such stone, however, on the trial, was credited to the defendant on the note, and I can discover no evidence that the defendant was directed not to deliver any more until ordered, or that he had any reason to expect that the plaintiff intended to order any more. A difference had arisen between the parties, and it is clear that, as to the $38 or thereabouts worth of stone yet to be delivered, the defendant had no excuse for delaying its delivery from any instructions or suggestions made by the plaintiff. He had the right to make his own selection, and deliver accordingly, and his neglect to do so for more than 2 years after the note matured, and more than 18 months after the difference between them arose, is not justified by any fact appearing in the case.

The judgment of the county court was correct, and should be affirmed.